1   Stuart W. Price, California Bar No. 125918
    swprice@bryancave.com
2   Sean D. Muntz, California Bar No. 223549
    sean.muntz@bryancave.com
3   Roya Graziano, California Bar No. 239259
    grazianor@bryancave.com
4   **BRYAN CAVE LLP**
5   3161 Michelson Drive, Suite 1500
    Irvine, California  92612-4414
6   Telephone:  (949) 223-7000
    Facsimile:  (949) 223-7100
7

8   Attorneys for Defendants
    BANK OF AMERICA, N.A. and RECONTRUST
9   COMPANY, N.A. (erroneously sued as Recontrust
    Company)
10

11

12              **UNITED STATES DISTRICT COURT**

13        **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

14

15  Chan Y Tang and Pao C Tang          Case No.

16        Plaintiff,                    (Riverside County Superior Court Case
                                        No. RIC 1117829)
17        vs.
                                        **NOTICE OF REMOVAL OF CIVIL**
18                                      **ACTION PURSUANT TO 28 U.S.C.**
    Bank of America, N.A. a business entity,  **§§ 1331, 1441, 1446**
19  form unknown; Recontrust Company., a
    business entity, form unknown; and  **[FEDERAL QUESTION**
20  Does 1 to 63, inclusive,            **JURISDICTION]**

21        Defendants.

22

23

24

25

26

27

28

IR01DOCS524544.1

FILED
CLERK, U.S. DISTRICT COURT

DEC 2 7 2011

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          BY DEPUTY

ED  CV  11 - 02048 VAP (DTBx)

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES:**

    **PLEASE TAKE NOTICE** that defendants Bank of America, N.A. ("BANA") and ReconTrust Company, N.A. ("RTC") (erroneously sued as Recontrust Company) (collectively, "Defendants") remove to this Court the action described below from the Superior Court of the State of California, for the County of Riverside, to the United States District Court for the Central District of California.

## I.    BACKGROUND

    1.    On November 3, 2011, plaintiffs Chan and Pao Tang (collectively, "Plaintiffs") filed an action in the Superior Court of the State of California, for the County of Riverside, entitled *Chan Y Tang and Pao C Tang v. Bank of America, N.A., etc.; et al.,* Case No. RIC1117829 ("State Court Action").

    2.    On information and belief, Plaintiffs served BANA and RTC with the Complaint in the State Court Action by mail on November 14, 2011. Pursuant to California Code of Civil Procedure § 415.40, service is effected November 24, 2011. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

    3.    A copy of all pleadings filed in the State Court Action is attached as Exhibit A. Exhibit A also includes all process, pleadings, and orders served upon Defendants as required by 28 U.S.C. § 1446(a).

## II.    BASIS FOR REMOVAL

    4.    The claims in Plaintiffs' Complaint are founded upon violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2605, *et seq.* ("RESPA")

    5.    This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1331, and the State Court Action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) and (b), in that Plaintiffs allege

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

NOTICE OF REMOVAL

1  violations of TILA (*see* Plaintiffs' Complaint, ¶ 34) and RESPA (*see* Plaintiffs'

2  Complaint, ¶¶ 32, 34-35).

3        6.      This Court has supplemental jurisdiction over Plaintiffs' state law

4  claims under 28 U.S.C. § 1441(c).  (*See* 28 U.S.C. § 1367.)

5  **III.    PROCEDURAL COMPLIANCE**

6        7.      Defendants timely file this Notice of Removal pursuant to 28 U.S.C.

7  § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

8        8.      The State Court Action was pending before the Superior Court for the

9  County of Riverside.  Because this Court is the United States District Court for the

10  district and division embracing the place where the original action was filed, it is the

11  appropriate Court for removal under 28 U.S.C. § 1446.

12        9.      A copy of this Notice of Removal is being served on all adverse parties

13  and filed with the clerk of the state court pursuant to 28 U.S.C. § 1446(d).  A copy

14  of the notice to all adverse parties and the state court is attached (without exhibits)

15  as Exhibit B.

16  **IV.    CONCLUSION**

17        10.     Defendants respectfully requests that the State Court Action be

18  removed from the state court in which it was filed to the United States District Court

19  in and for the Central District of California, and further requests that this Honorable

20  Court

21

22

23

24

25

26  / / /

27  / / /

28  / / /

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS524544.1

2

1  issue all necessary orders and process and grant such other and further relief as in

2  law and justice that Defendants may be entitled to receive.

3

4  Dated:  December 27, 2011

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stuart W. Price
Sean D. Muntz
Roya Graziano
**BRYAN CAVE LLP**


By: _____
        Roya Graziano
Attorneys for Defendants
BANK OF AMERICA, N.A. and
RECONTRUST COMPANY, N.A.
(erroneously sued as Recontrust Company)

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

# Exhibit A

*[handwritten: Tang]*
*[handwritten: TS# 10-96113]*
*[handwritten: Lmit87099153]*
*[handwritten: SD-12-7-11]*
*[handwritten: Rcvd-Cert BK]*
*[handwritten: +priority]*

**SUMMONS**
**(CITACION JUDICIAL)**

**SUM-100**

| FOR COURT USE ONLY |
| :--- |
| (SOLO PARA USO DE LA CORTE) |
| **FILED** |
| SUPERIOR COURT OF CALIFORNIA |
| COUNTY OF RIVERSIDE |
| NOV 03 2011 |
| M. Preciado |

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

See Attachment "A"

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Chan Y Tang and Pao C Tang

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: Superior Court of California | CASE NUMBER: |
| :--- | :--- |
| (El nombre y dirección de la corte es): | (Número del Caso): |
| County of Riverside | UC1117829 |
| 4050 Main St. Riverside, CA 92501 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

| DATE: NOV 0 3 2011 | Clerk, by | M. Preciado | , Deputy |
| :--- | :--- | :--- | :--- |
| (Fecha) | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**RECONTRUST LEGAL**
**RECEIVED**
**NOV 17 2011**

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [✓] on behalf of (specify): Defendant(s)

   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [✓] other (specify): a business entity, form unknown

4. [ ] by personal delivery on (date):

| | |
| :--- | :--- |
| [SEAL] | Page 1 of 1 |

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| :--- | :--- | :--- |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

**EXHIBIT A PAGE 4**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Tang vs. Bank of America, et.al | |

ATTACHMENT *(Number):* ___1___

*(This Attachment may be used with any Judicial Council form.)*

Bank of America, N.A.. a business entity, form unknown; Recontrust Company, a business entity, form unknown; and DOES 1 to 63, inclusive,

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __1__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

EXHIBIT A PAGE 5



CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

EXHIBIT A PAGE 6

CM-010

| | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Chan Y Tang and Pao C Tang
7572 Corona Valley Ave
Corona, cA 92880

TELEPHONE NO: 626-636-0234   FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff in Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Riverside
STREET ADDRESS: 4050 Main St.
MAILING ADDRESS: 4050 Main St.
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Tang vs. Bank of America, et.al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | RIC111 7829 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☑ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):*  Five (5)
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 8, 2010

Chan Y Tang
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT A PAGE 7

| SHORT TITLE. Tang vs. Bank of America, et.al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE ☐1. ☐2. ☐3. ☐4. ☐5. ☑6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 7572 Corona Valley Ave. Corona, CA 92880 |
|---|---|
| CITY: Corona | STATE: CA | ZIP CODE: 92880 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Riverside_____ courthouse in the _____Riverside_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

1  Chan Y Tang and Pao C Tang
2  7572 Corona Valley Ave.
   Corona, CA 92880
3  Phone: (626)636-0240

4  Plaintiff in Pro Per

5

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 03 2011

M. Preciado

6

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA,
                    COUNTY OF RIVERSIDE

8

9  Chan Y Tang and Pao C Tang            Case No.: RIC 1117829

10             Plaintiff,               COMPLAINT FOR DAMAGES:
                                         1. Wrongful Foreclosure;
11      v.                               2. Violation of Cal Civic Code §2923.5;
                                         3. Unjust Enrichment
12                                       4. RESPA and TILA Violations
                                         5. Fraud and Concealment
13                                       6. Quiet Title
   Bank of America, N.A. a business entity, form   7. Declaratory and Injunctive Relief
14 unknown;  Recontrust Company., a business       8. Slander to Title
   entity, form unknown; and DOES 1 to 63,         9. Intentional Infliction of Emotional Distress
15 inclusive,

16
               Defendants.
17                                       Unlimited Jurisdiction
                                         Jury Trial Demanded
18

19

20              PARTIES AND JURISDICTION

21    1.    Plaintiffs Chan Y Tang and Pao C Tang are the owner of a single-family residence

22          located at 7572 Corona Valley Ave. Corona, CA 92880, APN # 144-303-14,

23          acquired by Grant Deed date 6/22/2004 ("the Property"). The legal description is:

24          Parcel 1: Lot 48 of Tract No. 28684-1, in the County of Riverside, State of

25
            California, as per Map filed in Book 331, Pages 58 through 62, inclusive, of Maps,
26
            in the office of the County recorder of said County. Parcel 2: Nonexclusive
27

28
                                         1

easement for access, ingress; egress, use, enjoyment, drainage, encroachment, support, maintenance, repairs, and for other purposes, all as described in the declaration of establishment of convenants, conditions and restrictions, for corona valley ("Declaration" o, recorded on December 23, 1999, as instrument no. 99-555630, of official records of Riverside County, California, including any amendments thereto.

2.    Defendant Bank of America, N.A. (BOA), a U. S. corporation licensed to do business in California, and BOA claims to be the note holder, beneficiary, or servicer for investment trusts of a loan which is the subject of this complaint.

3.    Defendant ReconTrust Company ("Recontrust") is a California corporation named as Trustee on a Substitution of Trustee ("SOT") recorded in Riverside County on 9/9/2010.

4.    Defendants Does 1-63, inclusive, are under fictitious names. When their true names and capacities are known, Plaintiffs will amend this complaint and insert their names and capacities.  Plaintiffs are informed and believe and thereon alleges that each of these fictitiously named defendants claims some right, title, estate, lien, or interest in the residence adverse to Plaintiffs' title and their claims constitute a cloud on Plaintiffs' title to the property, or participated in unlawful or fraudulent acts that resulted in injury to Plaintiffs person or property.

5.    There is diversity of citizenship between Plaintiff and Defendant BOA and the matter in controversy exceeds, exclusive of interest and costs, the sum of $136,200.00.  This court has jurisdiction of the action pursuant to 28 U.S.C. 1332(a). This court has jurisdiction over the subject matter of this complaint under

2

28 USC §1331 and §1337 because it involves a federal question regarding interpretation and proper application of the Real Estate Settlement Procedures Act, 12 USC 2601 et seq. Declaratory relief is authorized under 28 U.S.C. 2210.

**JURY TRAIL DEMAND**

6.      Plaintiffs request a jury trial on all issues.

**CLAIM FOR RELIEF**

7.      Plaintiffs bring this action against BOA, Recontrust and Does 1-63 for attempting to sell the Property at trustee's sale and deprive Plaintiffs of their residence without any lawful claim to the Property.

**BACKGROUND FACTS**

8.      Plaintiffs purchase the Property in 2004. Plaintiffs re-finance loan application was submitted to Bank of America N.A. at 275 s. Valencia Ave. #1F, Brea, CA 92823 and Plaintiffs are names as Trustor on the Deed of Trust ("DOT") acknowledge by Notary Public An Thu Lam on 12/1/2005, which was recorded in Riverside County on 12/08/2005 (Exhibit A). BOA is identified on the DOT as "the lender" and "the beneficiary under this security agreement". Plaintiffs have not received any document from BOA, including disclosure required by the Truth in Lending Act and Notice of Right to Cancel.

9.      Plaintiffs are informed and believes that BOA securitized Plaintiffs single-family residential mortgage loan with others sold and transfer the note and deed of trust into a Fannie Mae Mortgage Backing Security (FNMA AA Main 0001) Trust ("Trust"), Evident verify by Plaintiffs through Fannie Mae loan lookup web site and also re-confirm from BOA letter date 7/1/2011 (Exhibit B).

3

EXHIBIT A PAGE 11

10. On 8/26/2010, A person name Betty Jo Livingsto of Recontrust Company N.A., as agent for the Beneficiary and recorded a Notice of Default and Election to sell under Deed of Trust ("NOD") describing the Property with instructions that Plaintiffs contact Bank of America, N.A. c/o BAC Home Loans Servicing, L.P. to stop the foreclosure and Recontrust recorded NOD on 8/30/2010 (Exhibit C).

11. A "California Declaration" attached to the NOD was signed by Michsel D Link, with job title Senior Collector of BAC Home loans Serving, L.P. from Cetzville NY dated 8/6/2010. (Exhibit D)

12. On 8/26/2010 A person name T. Sevillano as Assistant Secretary of Bank of America, N.A. executed a substitution of Trustee ("SOT") change the trustee from Original trustee PRLAP Inc. to Recontrust Company. This document was ackledge by public notary Michelle I. Miller on date 9/3/2010, and Recontrust record this SOT on 9/9/2010. (Exhibit E)

13. On 12/2/2010 a person name Sunita Narayanah as Team Member of Recontrust executed Notice of Trustee's Sale ("NTS") schedule on 12/29/2010 sell Plaintiffs Property at public auction, and Recontrust recorded NTS on 12/6/2011. (Exhibit F)

14. A Declaration of Exemption Pursuant to Cal. Civ. Code 2923.54 was executed by person Lisa L. Allinson as Vice President of BAC Home Loans Servicing, L.P. ("lender/servicer") date 7/12/2010. (Exhibit G)

## FIRST CAUSE OF ACTION

### WRONGFUL FORECLOSURE

15. Plaintiffs re-allege and incorporates by reference the allegations continued in paragraphs 1 through 14.

4

EXHIBIT A PAGE 12

16.   After BOA originated the loan securitized it, transferred all beneficial interest in the loan into Fannie Mae MBS (FNMA AA Main 0001) Trust. BOA retained no beneficial interest in the loan and become servicer of Plaintiffs' mortgage.

17.   Neither Prlap Inc., Recontrust, BOA, nor anyone else has recorded a transfer of a beneficial interest in the Note of any other interest in the Property to "Trust" (the holder of the Note and Deed of Trust). If "Trust" is the real beneficiary, Prlap or Recontrust has breached its fiduciary duty to Plaintiffs under the DOT by not recording the alleged transfer of the beneficial interest and also not indicating on the NOD that "Trust" is the alleged beneficiary. Accordingly none of the Defendant in this action had the right to declare default, cause notices of default to be issued or recorded, or foreclose on Plaintiffs interest in the Subject Property. None of the Defendants in this action was the note holder or a beneficiary of Plaintiffs Loan at the time of foreclosure.

18.   Plaintiffs further allege on information and belief that the NOD recorded 8/30/2010 was invalid and void as it was executed by Recontrust 7 days prior to SOT been notary dated (9/3/2010) and 9 days prior to the recorded date (9/9/2010) that it was allegedly substituted in as new trustee. Consequently, all documents upon which the NOD was based were invalid and void as well.

19.   Plaintiffs allege on the information and belief that the SOT was invalid and void as it was executed by T. Serillano as Assistant Secretary from BOA and acknowledge by notary Michelle I. Miller; both are "robo-signer" and "boro-notary" their name and variant title and signatures have attested to the truth of facts recited in declarations (Exhibit H) and affidavits in hundreds of thousand of foreclosure, has

5

no authority to executed the SOT change the trustee. Therefore, the SOT executed by T. Sevillano is also valid and void.

20. Futheremore, In Plaintiffs DOT paragraph 24 states: 24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by any instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the County in which the property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without reconveyance of the property, the successor trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution. BOA is Plaintiffs mortgage servicer, therefore, SOT executed by BOA is invalid and void.

21. Plaintiffs are informed and believes that BOA does not have standing to sell Plaintiffs property because BOA is no the holder of the Note. BOA does not own the loan and cannot identify the owner of the loan until 7/1/2011 with FNMA AA main 0001 (investor ID).

## SECOND CAUSE OF ACTION

VIOLATION OF CAL CIV. CODE §2923

22. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 21.

23. Defendants commenced foreclosure of the Property by recording a NTS on 12/6/2010. Attached to the NTS was a Declaration of Exemption Pursuant to Cal.

6

Civ. Code 2923.54 signed under penalty of perjury by Lisa Allinson on behalf of BAC Home Loans Servicing, LP ("lender/servicer") on 7/12/2010.

26.    Plaintiffs are informed and believes that Lisa Allinson (robo-singer) her name and variant title, signatures have attested to truth of facts recited in declarations (Exhibit I), and her declaration is 48 days early then the NOD been recorded stats she did not have any personal knowledge of the matters described in her declaration. On 10/8/2010, California Attorney General Jerry Brown ordered all lenders to halt all foreclosure in California, demand the all lender demonstrate immediately that it conducts foreclosures in compliance with California Civil Code, section 2923.5 or, if it cannot, halt all foreclosures in California until it can. (This information can obtain from Attorney General's office web site).

27.    The California Declaration attached to NOD executed by Michael Link BAC home loans Senior Collector date 8/6/2010 marked "Tried with due diligence to contact the borrower" and the Declaration of Lisa Allison to the NTS does not meet the requirements of Civil Code §2923.5, and so the foreclosure of Plaintiffs property is illegal under California law and must be enjoined.

### THIRD CAUSE OF ACTION

UNJUST ENRICHMENT

28.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 27.

28.    BOA has no interest in Plaintiffs' mortgage, so payments made to BOA by Plaintiffs for years constitute unjust enrichment. The pending foreclosure of Plaintiffs' Property would also be unjust enrichment.

7

30.   The DOT states that all secured sums must be paid. Plaintiffs allege that the obligations under the DOT were fulfilled when BOA received funds in excess of the balance on the Note as a result of proceeds of sale through securitization(s) of the loan and insurance proceeds from Credit Default Swaps.

## FOURTH CAUSE OF ACTION

### RESPA AND TILA VIOLATIONS

31.   Plaintiffs re-allege and incorporates by reference the allegations contained in paragraphs 1 through 30.

32.   Plaintiffs loan is a mortgage loan subject to the provisions of RESPA, 12 U.S.C. §2605 et seq., and California Financial Code §50505.

33.   On 8/19/2011, Plaintiff sent Defendant BOA a Qualified Written Request ("QWR") pursuant to §6 of the Real Estate Settlement Procedures Act (Exhibit J).  On 9/16/2011, Plaintiffs received package from Recontrust as part of the QWR' respond,  with enclosed copies of DOT, payment history, payoff calculation and encourage Plaintiffs to contact the Home Retention for a work out options (Exhibit K).  BOA did not respond totally on Plaintiffs' QWR request is in violation of Federal law.

34.   Defendants have engaged in practice of non-compliance with RESPA, including failing to correctly respond to properly submitted QWR's.  Plaintiffs are informed and believe that this practice is designed to conceal TILA ad RESPA violations and to conceal the identity of the owner and true beneficiary of the loan.

35.   As a direct and proximate result of Defendants' failure ot comply with RESPA, Plaintiffs have suffered and continues to suffer actual damages in that they are unable

8

to ascertain the basis for Defendants' claims to their property, they cannot identify the owner of the beneficiary of the Note, they can not determine whether their payments to BOA were converts by BOA or paid to the beneficiary, and they have no evidence upon which to conclude that Defendants are acting in good faith with lawful authority in their attempts to foreclosure the Property. In accordance with RESPA, Plaintiff seeks treble damages.

## FIFTH CAUSE OF ACTION

FRAUD AND CONCEALMENT

36.     Plaintiffs re-allege and incorporates by reference the allegations contained in paragraphs 1 through 35.

37.     Defendants concealed material facts from Plaintiffs to induce Plaintiffs to consummate the loan, including Plaintiffs' loan would be resold and securitized to third parties, rendering it impossible for the lender to provide Plaintiffs with full reconveyance upon completion of their payment on the Note.

38.     BOA has concealed and continues to conceal from Plaintiffs the following material facts in its possession which were requested in their QWR that would enable they to ascertain whether their to BOA were received by the owner or beneficiary of the Note:

(1) A complete payment history, including but not limited to the dates and amount of all payments we have made on the loan to date;

(2) A breakdown of the amount of claimed arrears or delinquencies;

(3) An explanation of how the amount due on the monthly billing statement;

(4) The payment dates, purpose of payment and recipient of any and all foreclosure fees

9

and costs that have been charged to our account;

(5) The payment dates, purpose of payment and recipient of all escrow items charged to out account since you took over the servicing;

(6) A Breakdown of the current escrow charge showing how it is calculated and the reasons for any increase within the last 24 months; and

(7) A copy of any annual escrow statements and notices of a shortage, deficiency or surplus, sent to us within the last Four and half years;

(8) A copy of the entire loan origination file, including all disclosures, good faith estimates, 1003's, and other documents provided to me prior to the closing of the loan;

(9) Any and all proof that your are the current holder of the original note, loan file, and mortgage;

(10) All assignments, transfers, allonge, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument of other document that secures payment by me to this obligation in this account form the inception of this accounts to the present date including any such assignment on MERS;

(11) A Detailed history as it pertains to my application for a loan workout. This includes a copy of all letters, phone logs, representative's name, and a list of all documents sent by me and received by your company.

39.     Plaintiffs also like to know the following:

(a) Whether the mortgage is a part of a mortgage pool;

(b) Whether any investor of other interested party approved of the foreclosure of Plaintiffs' property; and,

(c) The CUSIP number for Plaintiffs' loan account.

EXHIBIT A PAGE 18

40.     Recontrust has concealed and continues to conceal from Plaintiffs the following material facts in its possession which "SOT". On 12/3/201 Plaintiffs received Sunita Narayanan Trustee sale officer of Recontrust a affidavit of mailing substitution of trustee by code, per CIV Code 2934 the copy of SOT is attached (Exhibit L), there are two area totally different (1) Bank of America, N.A. v. Bank of America, N.A. "BY:/S/Beneficiary or Investor" (2) Public notary Michelle I Miller v Darlene R. Gomez. As a direct and appreciate result of Defendants fraudulent concealment, Plaintiff has suffered and continues to suffer damages in amount to be proven at trial.

Plaintiffs remain under the constant threat of a trustee sale of the Property, which could happen at any time without prior notification to them, and in addition to damages caused by they emotional distress, they will suffer irreparable injury not compensable in damages if the Property is sold.

41.     On 7/1/2011, Bank of America, N.A. merger BAC Home Loans Servicing, L.P. and put out "Notice of Assignment, sale, or transfer of servicing rights" statement. (Exhibit M) Plaintiffs allege Bank of America, N.A. the lender on DOT must sale or transfer of servicing rights to BAC Home Loan Servicing, L.P. after 12/8/2005 but before 7/1/2011. All document executed under Bank of America, N.A. is fraud and illegal.  Defendants try to foreclosed Plaintiffs' property by intentionally fraudulent Plaintiffs to believe BOA still the lender and recorded SOT is under Bank of America, N.A..

42.     Recontrust is part of BOA, and BAC Home loans servicing is subsidiary of BOA. All the documents executed by Recontrust, BOA, or BAC home loans want to be legal without challenge must need attached a disclosure on their relation in between.

## SIXTH CAUSE OF ACTION

11

# QUIET TITLE

43.     Plaintiffs re-alleges and incorporates by reference the allegations contained in

paragraphs 1 through 42.

44.     Plaintiffs seek to quiet title against the claims of Defendants and all persons claiming

any legal or equitable right, title, estate, lien, or adverse interest in the Property as of

the date of Complaint was filed (Cal Code Civil Procedure §760.020)

45.     Plaintiffs are the titleholder of the Property according to the terms of a Grant Deed date

6/22/2004. (Exhibit N)

45.     BOA securitized Plaintiffs' single-family residential mortgage loan through BOA

Mortgage Securities Corp. Plaintiffs are informed and believe that went into Fannie Mae

FNMA AA main 0001 Trust.  Pelap Inc. or Recontrust owes a duty to reconvey the DOT

to Plaintiffs and Plaintiffs now are demanded full to have reconveyance.  The DOT states

in paragraph (23): 23. Reconveyance. Upon payment of all sums secured by this Security

Instrument, lender shall request Trustee to reconvey the Property and shall surrender this

Security Instrument and all notes evidencing debt secured by this Security Instrument to

trustee. Trustee shall reconvey the Property without warranty to the person or persons

legally entitled to it.../// The DOT does not state that Plaintiff must make full payment,

only that all secured sums must be paid.  Plaintiffs alleges that the obligations owed to

BOA under the DOT were fulfilled and the loan was fully paid when BOA received

funds in excess of the balance on the Note as proceeds of sale through securitization(s) of

the loan and insurance proceeds from Credit Default Swaps.

46.     Defendants' claims are adverse to Plaintiffs because Plaintiffs are informed and believe

that none of the defendants is the holder of the Promissory Note, none of them can prove

12

any interest in the Note, and none of them can prove that the Note is secured by the DOT, as well as for the reasons set forth in the preceding causes of action. As such, Defendant have no right, title, estate, lien, or interest in the Property.

47. Plaintiff therefore seeks a judicial declaration that the title to the subject property is vested solely in Plaintiffs and that Defendants have no right, title, estate, lien, or interest in the Property and that Defendants and each of them be forever enjoined form asserting any right, title, estate, lien or interest in the Property adverse to Plaintiffs.

### SEVENTH CAUSE OF ACTION

DECLARATORY AND INJUNCTIVE RELEIF

48. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 47.

49. An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties. Plaintiffs contends:

(1) that BOA is not the present holder in due course or beneficiary of a Promissory Note executed by Plaintiffs. However, Defendants contend that BOA is the present owner and beneficiary of a Promissory Note executed by Plaintiffs.

(2) that Defendants are not real parties in interest, do not have standing, and are not entitled to accelerate the maturity of any secured obligation and sell the property because they are not a beneficiary or authorized agent of beneficiaries under the purported Promissory Note. However, Defendants asset that they are entitled to sell the Property.

50. Plaintiffs desires a judicial determination of their rights and duties as to the validity of the Promissory Note and DOT, and Defendants' rights to proceed with non-judicial foreclosure on the Property. Unless restrained, Defendants will sell Plaintiffs' residence,

13

or cause it to be sold, to Plaintiffs' great and irreparable injury, for which pecuniary compensation would not afford adequate relief.

51.   Defendants' wrongful conduct, unless and until restrained by order of this court, will cause great irreparable injury to Plaintiffs as the value of residence declines under threat of foreclosure and Plaintiffs faces the prospect of eviction form their residence.  Plaintiffs' property is the California dream when Plaintiffs move from Las Vegas to California. This personal felling is unique and connot be replicated.

52.   If the foreclosure sale is allowed to proceed, the burden on Plaintiffs significantly outweighs the benefit to Defendants, and each of them

53.   By contrast, if the foreclosure sale is enjoined, the burden to any or all Defendants is minimal and not at all outweighed by the benefit to Plaintiffs.

54.   Plaintiff has no adequate remedy at law for the injuries currently being suffered and that are threatened. It will be impossible for Plaintiffs to determine the precise amount of damage that they will suffer if Defendants; conduct is not restrained and Plaintiffs must file a multiplicity of suits to obtain compensation for their injuries.

## EIGHTH CAUSE OF ACTION

### SLANDER OF TITLE

55.   Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 54.

56.   The foreclosing defendants, and each of them, by their acts and omissions, published matters which were untrue and disparaging to Plaintiffs' right to title in the subject property.

57.   The aforementioned publications by the foreclosing defendants, and each of them, were

14

unjustified and without privilege.

58. It is reasonably foreseeable that the aforementioned publications by the foreclosing defendants, and each of them, casts doubt on Plaintiffs' right to title in their property, which had caused and continues to cause damages to Plaintiffs.

59. As a result of said publications form Defendants, and each of them, Plaintiffs had suffered and continues to suffer loss of money, credit, job, real property value, and reputation, in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraph 1 through 59.

61. Plaintiffs contend that the acts and omissions of the Defendants, and each of them, constitute extreme and outrageous conduct.

62. Plaintiffs further contends that Defendants, and each of them, engaged in such conduct either intentionally or with reckless disregard as to the effect on Plaintiffs.

63. As a result of said extreme and outrageous conduct by Defendants, and each of them, Plaintiffs had suffered severe emotional distress of $1,000,000.00

## PRAYER

WHEREFORE, Plaintiffs requests judgment as follows:

1. That his court issue an Order to Show Cause and , after a hearing, issue a Temporary Restraining Order and Preliminary Injunction restraining Defendants, and each of them, during the pendency of this action, from continuing with their efforts to conduct a Trustee's Sale of the Property.

15

2. That the attempted foreclosure of the Property be declared illegal and that Defendants be forever enjoined ad restrained form selling the Property or attempting to sell it or causing it to be sold, either under power of sale pursuant to trust deed or by foreclosure action, and from posting, publishing, or recording any notice of default or notice of trustee's ale contrary to state or federal law.

3. That the underlying loan transaction be declared void as a result of Defendants' and BOA misrepresentations, fraud, concealment, and predatory loan practices.

4. that Defendants make restitution to Plaintiffs according to proof.

5. for a judgment determining that Plaintiffs are the owner in fee simple of the Property against the adverse claims of Defendants and that Defendants have no interest in the property adverse to Plaintiffs.

6. For damages in an amount of $1,000,000.00

7. For costs of suit and reserve reasonable attorney fees.

8. For any an all other and further relief that may be just in this matter.

## VERIFICATION

We are the Plaintiffs in the above-entitled action.  We have read the foregoing First Amended Complaint and know its contents. The same is true of our own knowledge, except as to those maters that are alleged on information and belief, and as to those matters, I believe them to be true.  We declare under penalty of perjury under the laws of the State of California that the foregoing is true and penalty of perjury under the laws of the State of California that the

16

foregoing is true and correct, and that this declaration was executed in Corona, CA on October

\_\_\_\_\_, 2011

Chan Y Tang

Pao C Tang

17

EXHIBIT A PAGE 25

# Exhibit A

TICOR TITLE CO
GLENDALE
Recording Requested By:
BANK OF AMERICA

Return To:
LOAN # 6131485432
FL9-700-01-01
JACKSONVILLE POST CLOSING
BANK OF AMERICA
9000 SOUTHSIDE BLVD.
BLDG 700, FILE RECEIPT DEPT.
JACKSONVILLE FL 32256

DOC # 2005-1013493
12/08/2005 08:00A Fee:81.00
Page 1 of 25
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

| M | S | U | PAGE | SIZE | DA | PCOR | NOCOR | SMF | MISC. |
|---|---|---|------|------|-----|------|-------|-----|-------|
| | | | 1 | 25 | 1 | | | | |

| A | R | L | | COPY | LONG | REFUND | NCHG | EXAM |
|---|---|---|---|------|------|--------|------|------|
| | | | | | | | | |

9716476-74

(Space Above This Lin

LOAN #6131485432

# DEED OF TRUST

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated    DECEMBER 01, 2005    , together with all Riders to this document.

(B) "Borrower" is CHAN YU TANG AND PAO CHANG TANG

Borrower's address is    7572 CORONA VALLEY AVE, CORONA, CA  92880

. Borrower is the trustor under this Security Instrument.

(C) "Lender" is  BANK OF AMERICA, N.A.

Lender is a  NATIONAL BANKING ASSOCIATION
organized and existing under the laws of   THE UNITED STATES OF AMERICA

CALIFORNIA – Single Family

BS6(CA)  (0207)

Page 1 of 15

VMP Mortgage Solutions (800)521-7291

CVCA 12/01/05 11:33 AM 6131485432

EXHIBIT A PAGE 27

Lender's address is 275 S.VALENCIA AVE. 1ST FLOOR, BREA, CA 928236340

Lender is the beneficiary under this Security Instrument.
(D) "Trustee" is  PRLAP, INC.

(E) "Note" means the promissory note signed by Borrower and dated  DECEMBER 01, 2005 .
The Note states that Borrower owes Lender THREE HUNDRED EIGHTY FIVE THOUSAND AND
00/100                                                                          Dollars
(U.S. $       385,000.00    ) plus interest. Borrower has promised to pay this debt in regular
Periodic Payments and to pay the debt in full not later than  JANUARY 01, 2036
(F) "Property" means the property that is described below under the heading "Transfer of Rights
in the Property:"
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late
charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The
following Riders are to be executed by Borrower (check box as applicable):

[X] Adjustable Rate Rider      [ ] Condominium Rider          [ ] Second Home Rider
[ ] Balloon Rider              [X] Planned Unit Development Rider   [ ] Other(s) [specify]
[ ] 1-4 Family Rider           [ ] Biweekly Payment Rider

(I) "Applicable Law" means all controlling applicable federal, state and local statutes,
regulations, ordinances and administrative rules and orders (that have the effect of law) as well as
all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees,
assessments and other charges that are imposed on Borrower or the Property by a condominium
association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction
originated by check, draft, or similar paper instrument, which is initiated through an electronic
terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize
a financial institution to debit or credit an account. Such term includes, but is not limited to,
point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire
transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or
proceeds paid by any third party (other than insurance proceeds paid under the coverages
described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or
other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv)
misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or
default on, the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and
interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.)
and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended
from time to time, or any additional or successor legislation or regulation that governs the same
subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and

BS6(CA) (0207)                         Page 2 of 15
CVCA 12/01/05 11:33 AM 6131465432

EXHIBIT A PAGE 28

restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY                        of LOS ANGELES
                     [Type of Recording Jurisdiction]            [Name of Recording Jurisdiction]
      "LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF."

Parcel ID Number: 144-303-014                    which currently has the address of
7572 CORONA VALLEY AVENUE                                               [Street]
AREA OF CORONA                          [City] , California 92860      [Zip Code]
("Property Address"):

      TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

      BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

      THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

      UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

      1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the

BS6(CA)  (0207)                    Page 3 of 15
      CVCA 12/01/05  11:33 AM 6131485432

EXHIBIT A PAGE 29

Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the

BS6(CA)   (0207)                                    Page 4 of 15
CVCA  12/01/05  11:33 AM  6131485432

term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

BS6(CA)   (0207)                                    Page 5 of 15
CVCA 12/01/05 11:33 AM 6131485432

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

BS6(CA)   (0207)                               Page 6 of 15
CVCA 12/01/05  11:33 AM 6131485432

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or

loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. Loan Charges. Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to

EXHIBIT A PAGE 36

make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. Governing Law; Severability; Rules of Construction. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. Borrower's Copy. Borrower shall be given one copy of the Note and of this Security Instrument.

18. Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred



in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual

knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee.

BS6(CA)  (0207)                          Page 13 of 16

CVCA 12/01/05 11:33 AM 6131485432

Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____        _____ (Seal)
                                        CHAN YU TANG              -Borrower

_____        _____ (Seal)
                                        HAO CHANG TANG            -Borrower

_____ (Seal)          _____ (Seal)
              -Borrower                                           -Borrower

_____ (Seal)          _____ (Seal)
              -Borrower                                           -Borrower

_____ (Seal)          _____ (Seal)
              -Borrower                                           -Borrower

**BS6(CA)** (0207)                      Page 14 of 15
   CVCA 12/01/05 11:33 AM 6131485432

EXHIBIT A PAGE 40

State of California
County of   LOS ANGELES                              } ss.

On   DECEMBER 01, 2005          before me;   AN THU LAM   personally appeared

CHAN YU TANG
PAO CHANG TANG

p̶e̶r̶s̶o̶n̶a̶l̶l̶y̶ ̶k̶n̶o̶w̶n̶ ̶t̶o̶ ̶m̶e̶ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that h̶e̶/̶s̶h̶e̶/they executed the same in h̶i̶s̶/̶h̶e̶r̶/their authorized capacity(ies), and that by h̶i̶s̶/̶h̶e̶r̶/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_____ (Seal)



AN THU LAM
Commission # 1437042
Notary Public - California
Los Angeles County
My Comm. Expires Aug 30, 2007

BS6ICAI   (02071)                        Page 15 of 15
CVCA 12/01/05  11:33 AM 6131485432

EXHIBIT A PAGE 41

**(D) Limits on Interest Rate Changes**
{ **Please check appropriate boxes; if no box is checked, there will be no maximum limit on changes** .}

- [ ] (1) There will be no maximum limit on interest rate changes.
- [ ] (2) The interest rate I am required to pay at the first Change Date will not be greater than _____ % or less than _____ %.
- [ ] (3) My interest rate will never be increased or decreased on any single Change Date by more than _____ percentage points ( _____ %) from the rate of interest I have been paying for the preceding period.
- [X] (4) My interest rate will never be greater than 12.000 %, which is called the "Maximum Rate."
- [ ] (5) My interest rate will never be less than _____ %, which is called the "Minimum Rate."
- [ ] (6) My interest rate will never be less than the initial interest rate.
- [X] (7) The interest rate I am required to pay at the first Change Date will not be greater than 8.000 % or less than 4.000 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than TWO percentage points ( 2.000 %) from the rate of interest I have been paying for the preceding period.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

BS899R (0402)                     Page 3 of 6          MGNR 12/01/05 11:33 AM 6131485432

EXHIBIT A PAGE 42

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**
Uniform Covenant 18 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of the title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if a Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

EXHIBIT A PAGE 43

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

EXHIBIT A PAGE 44

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)
CHAN YU TANG                                                        –Borrower

_____ (Seal)
PAO CHANG TANG                                                   –Borrower

_____ (Seal)
                                                                                  –Borrower

_____ (Seal)
                                                                                  –Borrower

_____ (Seal)
                                                                                  –Borrower

_____ (Seal)
                                                                                  –Borrower

_____ (Seal)
                                                                                  –Borrower

_____ (Seal)
                                                                                  –Borrower

BS899R (0402)                    Page 6 of 6            MGNR 12/01/05 11:33 AM 6191485432

EXHIBIT A PAGE 45

LOAN # 6131485432

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this          1ST       day of
DECEMBER, 2005              , and is incorporated into and shall be deemed to amend
and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security
Instrument") of the same date, given by the undersigned (the "Borrower") to secure
Borrower's Note to

BANK OF AMERICA, N.A.

(the "Lender")
of the same date and covering the Property described in the Security Instrument and
located at
7572 CORONA VALLEY AVENUE, AREA OF CORONA, CA 92880

(Property Address)
The Property includes, but is not limited to, a parcel of land improved with a dwelling,
together with other such parcels and certain common areas and facilities, as described in
*** COVENANTS, CONDITIONS, AND RESTRICTIONS ***

(the "Declaration"). The Property is a part of a planned unit development known as

STANDARD PACIFIC
(Name of Planned Unit Development)
(the "PUD"). The Property also includes Borrower's interest in the homeowners
association or equivalent entity owning or managing the common areas and facilities of
the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's
interest.

PUD COVENANTS. In addition to the covenants and agreements made in the
Security Instrument, Borrower and Lender further covenant and agree as follows:

A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the
PUD's Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii)
articles of incorporation, trust instrument or any equivalent document which creates the
Owners Association; and (iii) any by-laws or other rules or regulations of the
Owners Association. Borrower shall promptly pay, when due, all dues and assessments
imposed pursuant to the Constituent Documents.

MULTISTATE  PUD  RIDER – Single Family

Page 1 of 3              M07P 12/01/05 11:33 AM 6131485432
BS7R (0411)     VMP Mortgage Solutions, Inc. (800)521-7291

**B. Property Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BS7R (0411)                    Page 2 of 3            M07P 12/01/05 11:33 AM 6131485432

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____ (Seal)
CHAN YU TANG                                     −Borrower

_____ (Seal)
RAO CHANG TANG                                   −Borrower

_____ (Seal)
                                                 −Borrower

_____ (Seal)
                                                 −Borrower

_____ (Seal)
                                                 −Borrower

_____ (Seal)
                                                 −Borrower

_____ (Seal)
                                                 −Borrower

_____ (Seal)
                                                 −Borrower

**BS7R** (0411)              Page 3 of 3          M07P 12/01/05 11:33 AM 6131485432

EXHIBIT A PAGE 48

YOUR REFERENCE: 031013-JM

ORDER NO.: 9716476-72

# EXHIBIT "A"

PARCEL 1:

LOT 48 OF TRACT NO. 28684-1, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 331 PAGES 58 THROUGH 62 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

NONEXCLUSIVE EASEMENT FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT, DRAINAGE, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE DECLARATION OF ESTABLISHMENT OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR CORONA VALLEY ("DECLARATION") RECORDED DECEMBER 23, 1999 AS INSTRUMENT NO. 99-555630, OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA INCLUDING ANY AMENDMENTS THERETO

Form PR-S

Page 3

EXHIBIT A PAGE 49

# Exhibit B

1 of 4

**Bank of America**

**Home Loans**

P. O. Box 941633
Simi Valley, CA 93094-1633

Doc ID:  BANACOM3A

0141400    01 AV 0.337  **AUTO  7 2 4447 92880-870372  -C01-P41551-4-

CHAN YU TANG
PAO CHANG TANG
7572 CORONA VALLEY AVE
CORONA        CA 92880-8703

**Account No.:**  870991534

## IMPORTANT MESSAGE ABOUT YOUR LOAN

Effective July 1, 2011, the servicing of home loans by our subsidiary–BAC Home Loans Servicing,
LP, transfers to its parent company–Bank of America, N.A.  Based upon our records as of July 5,
2011, the home loan account noted above is affected by this servicing transfer.  The information
contained in this communication does not change or affect any other communications you may have
received or will receive regarding this servicing transfer.

## IMPORTANT ADDITIONAL INFORMATION

Under the federal Fair Debt Collections Practices Act and certain state laws, Bank of America, N.A. is
considered a debt collector.  As a result, we are sending you the enclosed Fair Debt Collection
Practices Act Notice containing important information about your loan and your rights under
applicable federal and state law.

If an attorney represents you in connection with your Bank of America home loan, please provide
your attorney a copy of this letter and the enclosed legal notice.

## THANK YOU

We appreciate the opportunity to serve your home loan needs.  If you have any questions or need
assistance regarding this servicing transfer, please call us at 1.877.488.7812 between 8 a.m. and 9
p.m. Eastern, Monday through Friday.

Please Note: This letter is being sent to the address and borrower(s) listed above.  If there are other
borrowers on this account who receive mail at a different address than above, please share this
information with them.

**Bank of America, N.A. is required by law to inform you that this communication is from a debt
collector attempting to collect a debt, and any information obtained will be used for that
purpose.  Notwithstanding the foregoing, if you are currently in a bankruptcy proceeding or
have received a discharge of the debt referenced above, this notice is for informational
purposes only and is not an attempt to collect a debt.  If you are represented by an attorney,
please provide this notice to your attorney.**

Bank of America, N.A. Member FDIC. Bank of America, N.A. is an Equal Housing Lender.
©2011 Bank of America Corporation.  Trademarks are the property of Bank of America Corporation.  All rights reserved.
4447-01-00-0141400-0001-0284513

EXHIBIT A PAGE 51

3 of 4

### Fair Debt Collections Practices Act and State Law Notice

The servicing of your home loan was transferred to Bank of America, N.A., effective July 1, 2011.  Bank of America, N.A. is required by law to advise you of the following:

(1.) Under the federal Fair Debt Collections Practices Act and certain state laws, Bank of America, N.A. is considered a debt collector.  Bank of America, N.A. must provide certain information to you in order to make sure you are informed when a communication is related to a debt.  The purpose of this letter is therefore to provide you with information required by law, including the amount of the debt.

(2.) Debt Validation Notice:

a) The amount of the debt: As of July 5 , 2011, you owe $398,201.67.  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Therefore, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you or your agent before accepting the payment for collection.  For further information, write to the address provided below or call 1.877.488.7812 between 8 a.m. and 9 p.m. Eastern, Monday through Friday.

b) The name of the creditor to whom the debt is owed: FNMA AA Main 0001
*Please note that unless Bank of America, N.A. is listed in 2(b) as the creditor of your loan, Bank of America, N.A. does not own your loan and only services your loan on behalf of your creditor, subject to the requirements and guidelines of your creditor.*

c) Unless you, within thirty (30) days after receipt of this letter, dispute the validity of the debt or any portion of the debt, Bank of America, N.A. will assume the debt to be valid.

d) If you notify Bank of America, N.A. in writing, at the address provided below within the thirty (30) day period, that the debt, or any portion thereof, is disputed, Bank of America, N.A. will obtain verification of the debt and mail it to you.

e) Upon your written request within the thirty (30) day period, Bank of America, N.A. will provide you with the name and address of the original creditor if it is different from the current creditor.

Bank of America, N.A.
Customer Service, CA6-919-01-41
Attention: DVN
P.O. Box 1140
Simi Valley, CA 93062-1140

If you have any questions regarding this notification, please call Bank of America, N.A. Customer Service at 1.877.488.7812 between 8 a.m. and 9 p.m. Eastern, Monday through Friday.

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector attempting to collect a debt, and any information obtained will be used for that purpose.  Notwithstanding the foregoing, if you are currently in a bankruptcy proceeding or have received a discharge of the home loan debt referenced above, this statement is being furnished for informational purposes only.  It should not be construed as an attempt to collect against you personally, Bank of America, N.A. will take no steps to collect from you personally or against the property securing this loan while the bankruptcy's automatic stay remains in effect.  In the future, you may receive a discharge in bankruptcy.  Under those circumstances, by operation of law, Bank of America, N.A. will retain the ability to enforce its rights against the property securing this loan should there be a default under the terms of your loan documents. If you are represented by an attorney, please provide this notice to your attorney.

SEE REVERSE SIDE

Bank of America, N.A.  Member FDIC.  Bank of America, N.A. is an Equal Housing Lender.
©2011 Bank of America Corporation.  Trademarks are the property of Bank of America Corporation.  All rights reserved.
4447-01-00-0141400-0002-0284512

4 of 4

Notice to Colorado Residents: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADMAIN.CFM.

Notice to California Residents: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.



# Exhibit C

LANDSAFE TITLE

DOC #: 2010-0413076
08/30/2010 08:00A Fee:27.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

RECORDING REQUESTED BY:
WHEN RECORDED MAIL TO:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

Attn: Arnold Recinos
TS No. 10-0096113
Title Order No. 10-8-376096

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|-----|------|
|   |   |   | 4    |      |     |      |      |     |      |
| M | A | L | 465  | 426  | PCOR | NCOR | SMF | NCHG | EXAM |
|   |   |   |      |      |     | T:   |      | CTY | UNI  026 |

NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## IMPORTANT NOTICE

## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,

and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until three months from the date this notice of default may be recorded ( which date of recordation appears on this notice).

This amount is  $25,102.04, as of 08/26/2010 and will increase until your account becomes current.

   While your property is in foreclosure, you still must pay other obligations ( such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

   Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

EXHIBIT A PAGE 55

TS No. 10-0096113

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

BANK OF AMERICA, N.A.
C/O BAC Home Loans Servicing, LP
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA  93065
FORECLOSURE DEPARTMENT (800) 669-6650

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember,

## YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: RECONTRUST COMPANY, N.A., is acting as an agent for the Beneficiary under a Deed of Trust dated 12/01/2005, executed by CHAN YU TANG AND PAO CHANG TANG as Trustor, to secure certain obligations in favor of BANK OF AMERICA, N.A. as beneficiary recorded 12/08/2005, as Instrument No. 2005-1013493 (or Book , Page ) of Official Records in the Office of the County Recorder of Riverside County, California.

Said obligation including ONE NOTE FOR THE ORIGINAL sum of $ 385,000.00. That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of : FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE ON  10/01/2009  AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST AND IMPOUNDS, TOGETHER WITH ALL LATE CHARGES, PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY, INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS' FEES. IN ADDITION, THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON  01/01/2036  AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.

EXHIBIT A PAGE 56

TS No. 10-0096113

That by reason thereof, the present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY, N.A. such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

If required by the provisions of Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Default duly recorded with the appropriate County Recorder's office.

Dated: August 26, 2010

RECONTRUST COMPANY, N.A., as agent for the Beneficiary

By _____

BETTY JO LIVINGSTO

*Form dotnodfax (12/09)*

RIVERSIDE, CA Document:ND 2010.413076                          Page:3 of 4

Printed on:7/7/2011 2:31 PM

EXHIBIT A PAGE 57

# Exhibit D

**Bank of America**
**Home Loans**

Notice Date: August 6, 2010

Account No.: 10-0096113

Chan Yu Tang & Pao Chang Tang
7572 Corona Valley Ave
Corona, CA 92880

Property Address:
7572 Corona Valley Ave
Area Of Corona, CA 92880

## CALIFORNIA DECLARATION

I, _Michael D Link_, Senior Collector of BAC Home Loans Servicing, LP, declare under penalty of perjury, under the laws of the State of California, that the following is true and correct:

Bank of America

☐ has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.

☒ tried with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5, or

☐ verified that the borrower has surrendered the property.

☐ has evidence and reasonably believes that the borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and to avoid their contractual obligations to beneficiaries.

☐ has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized to wit, there is no order on the court's docket closing or dismissing the bankruptcy case.

☐ The provisions of California Civil Code §2923.5 do not apply because

_8/6/2010   Getzville NY_
Date and Place

_Michael D Link_
Name of Signor

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

CA-DECLARATIONS 5839/9508  08/27/2008

Printed on:7/7/2011 2:31 PM

EXHIBIT A PAGE 59

# Exhibit E

EXHIBIT A PAGE 60

Branch :USN,User :1905                                                        Station ID :SKO7

**LANDSAFE TITLE**
RECORDING REQUESTED BY:
RECONTRUST COMPANY

AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

ATTN: Arnold Recinos
TS No. 10-0096113

DOC # 2010-0432379
09/09/2010 08:00A Fee:18.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|-----|------|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
|   |   |   |     |      | T:  |      | CTY | UNI | 042 |

TSG# 10-8-371096

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T
042

## SUBSTITUTION OF TRUSTEE

WHEREAS, CHAN YU TANG AND PAO CHANG TANG was the original Trustor, PRLAP, INC. was the original Trustee, and BANK OF AMERICA, N.A. was the original Beneficiary under that certain Deed of Trust dated 12/01/2005 recorded on 12/08/2005 as Instrument No. 2005-1013493 in Book Page of Official Records of Riverside County, California;

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW THEREFORE, the undersigned hereby substitutes RECONTRUST COMPANY, N.A., WHOSE ADDRESS IS: 1800 Tapo Canyon Rd., CA6-914-01-94 SIMI VALLEY, CA 93063, as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

DATED:August 26, 2010            BANK OF AMERICA, N.A.

State of:        CALIFORNIA        )    BY: _____
County of:       VENTURA          )        T. Sevillano, Assistant Secretary
On  SEP 03 2010  before me,  MICHELLE I. MILLER  , notary public, personally appeared
T. Sevillano, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____ (Seal)

MICHELLE I. MILLER

MICHELLE I. MILLER
COMM. #1836833
Notary Public - California
Los Angeles County
My Comm. Expires Feb. 15, 2013

Form sub (01/09)

RIVERSIDE, CA  Document:ST 2010.432379                                    Page:1 of 1

Printed on:7/7/2011 2:31 PM

EXHIBIT A PAGE 61

# Exhibit F

Branch :USN,User :1905                                                                    Station ID :SKO7

Landsafe Default Inc.

RECORDING REQUESTED BY:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

WHEN RECORDED MAIL TO:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
TS No. 10-0096113
Title Order No. 10-8-376096

DOC # 2010-0580965
12/06/2010 10:05A Fee:21.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|----|----|------|-----|------|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
|   |   |   |      |      | T: |    | CTY | UNI |      |

APN No. 144-303-014-0

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 12/01/2005.
UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE
SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE
NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A
LAWYER.**

Notice is hereby given that RECONTRUST COMPANY, N.A., as duly appointed trustee pursuant to the Deed of Trust executed by CHAN YU TANG AND PAO CHANG TANG, dated 12/01/2005 and recorded 12/08/2005, as Instrument No. 2005-1013493, in Book , Page  of Official Records in the office of the County Recorder of RIVERSIDE County, State of California, will sell on 12/29/2010 at 10:00 AM, At the Main Street entrance to the County Courthouse, 4050 Main Street, Riverside, CA 92501

at public auction, to the highest bidder for cash or check as described below, payable in full at time of sale, all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and as more fully described in the above referenced Deed of Trust.  The street address and other common designation, if any, of the real property described above is purported to be: 7572 CORONA VALLEY AVENUE, AREA OF CORONA, CA  92880. The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

The total amount of the unpaid balance with interest thereon of the obligation secured by the property to be sold plus reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $386,585.54. It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state.

Said sale will be made, in an "AS IS" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided, and the unpaid principal of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.
If required by the provisions of  Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Trustee's Sale duly recorded with the appropriate County Recorder's office.

RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
Phone/Sale Information: (800) 281-8219

By: _____                    DEC 0 2 2010
     Sunita Narayanah,  Team Member

RECONTRUST COMPANY, N.A. is a debt collector attempting to collect a debt.  Any information obtained will be used for that purpose.

*Form nos (07/10)*

EXHIBIT A PAGE 63

# Exhibit G

Branch :USN,User :1905          Station ID :SKO7

To: Trustee
ReconTrust Company, N.A.
1800 Tapo Canyon Rd – MS: CA6-914-01-94
Simi Valley, CA 93063

## DECLARATION OF EXEMPTION

## PURSUANT TO CAL. CIV. CODE 2923.54

I, Lisa L. Allinson, Vice President of BAC Home Loans Servicing, LP ("Lender/Servicer")
declare on behalf of Lender/Servicer under penalty of perjury, and under the laws of the
State of California, that Lender/Servicer's business records maintained in the ordinary
course of business reflect the following is true and correct:

BAC Home Loans Servicing, LP has obtained from the Commissioner of Corporations a
final order of exemption pursuant to Cal. Civ. Code Section 2923.53 that is current and
valid on the date the accompanying Notice of Sale is filed.

AND

The timeframe for giving Notice of Sale specified in subdivision (a) of Cal. Civ. Code
Section 2923.52 does not apply pursuant to Section 2923.52(b).

_____
Lisa L. Allinson, Vice President

_____7.12.10_____
Date

CA-DECLARATION 2923.54 BAC EX 06-1010

# Exhibit H





**LANDSAFE TITLE**
RECORDING REQUESTED BY:
RECONTRUST COMPANY
AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

ATTN: Shaun Wicks
TS No. 10-0032912

10-8-131394

CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
DOC- 2010-0077103-00

Check Number
Monday, APR 19, 2010 14:26:00
MOD      $2.00|REC    $22.00|FTC     $0.00
DAF      $5.40|REF    $0.60|RED     $2.00
ERD      $2.00|

Ttl Pd    $34.00          Nbr-0000450452
                          kat/RL/2-1

## SUBSTITUTION OF TRUSTEE AND ASSIGNMENT OF DEED OF TRUST

The undersigned MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (hereinafter referred to as Beneficiary) is the Beneficiary of that certain Deed of Trust dated 04/14/2005, executed by DALE HARMS AND LAURIE HARMS HUSBAND AND WIFE, Trustor, to AMPRO MORTGAGE CORPORATION, as Trustee, and recorded as Instrument No. 2005-0142581-00 on 04/22/2005, of Official Records in the County Recorder's Office of CONTRA COSTA County, California. NOW THEREFORE, Beneficiary hereby substitutes RECONTRUST COMPANY, N.A., WHOSE ADDRESS IS:1800 Tapo Canyon Rd., CA6-914-01-94, SIMI VALLEY, CA 93063 , as Trustee under said Deed of Trust herein referred to, in the place and stead of and with all rights, title, powers, and interest of the former trustee described above.

FOR VALUE RECEIVED, the undersigned hereby grants, assigns, conveys and transfers to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT,INC. ALTERNATIVE LOAN TRUST 2005-27 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27 all beneficial interest under that certain Deed of Trust described above. Said described land: "As more fully described in the above referenced Deed of Trust." Together with the note or notes therein described or referred to, the money due and to become due thereon with the interest, and all rights accrued or to accrue under said Deed of Trust.

DATED: March 08, 2010

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

State of: **CALIFORNIA**     )
County of: **VENTURA**       )BY: _____
                             )    T. Seviliano, Assistant Secretary
On APR 0 2 2010 before me, Ahmad Afzal , notary public, personally appeared
**T.SEVILLANO** , who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
Notary Public's Signature

Ahmad Afzal

AHMAD AFZAL
COMM. # 1744009
NOTARY PUBLIC - CALIFORNIA
VENTURA COUNTY
My Comm. Expires May 7, 2011

*Form subasgnmnt (01/09)*

EXHIBIT A PAGE 68

**LandSafe National Default**

RECORDING REQUESTED BY:
RECONTRUST COMPANY
AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA  93063



06/24/2010

*20100863507*

TS No. 09-0108626

09-8-311471

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## CORPORATION ASSIGNMENT OF DEED OF TRUST/~~MORTGAGE~~

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS AND TRANSFER TO:

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSR 2006-9F

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST DATED 07/27/2006, EXECUTED BY:
ROBERT J BEKKER, AND CARRIE F BEKKER, HUSBAND AND WIFE AS JOINT TENANTS, TRUSTOR: TO
RECONTRUST COMPANY, N.A, TRUSTEE AND RECORDED AS INSTRUMENT NO. 06 1708612 ON 08/02/2006,
OF OFFICIAL RECORDS IN THE COUNTY RECORDER'S OFFICE OF LOS ANGELES COUNTY, IN THE STATE
OF CALIFORNIA.

DESCRIBING THE LAND THEREIN: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE MONEY DUE AND
TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS ACCRUED OR TO ACCRUE UNDER SAID
DEED OF TRUST/MORTGAGE.

DATED: ~~July 23, 2009~~          MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
        June 16, 2010

State of:    CALIFORNIA         )
County of:   VENTURA            )     BY:
                                      Flor Valerio, Assistant Secretary
On  JUN 2 2 2010  before me,   MICHELLE I. MILLER       , notary public, personally appeared
                  FLOR VALERIO           , who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument,

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____ (Seal)
           MICHELLE I. MILLER

MICHELLE I. MILLER
COMM. #1B36B33
Notary Public - California
Los Angeles County
My Comm. Expires Feb. 15, 2013

Form asgnmnt (01/09)

EXHIBIT A PAGE 69

# Exhibit I

## ASSIGNMENT OF MORTGAGE

SPACE FOR RECORDING ONLY P S HT IN M

FOR VALUE RECEIVED, on or before May 13, 2008, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR MFC MORTGAGE INC OF FL. ("Assignor") assigned, transferred and conveyed to: COUNTRYWIDE HOME LOANS, INC. ("Assignee") whose address is 400 Countrywide Way , Simi Valley, CA 93065, its successors and/or assigns, all of the right, title, and interest of Assignor in and to that certain Mortgage (the "Mortgage") dated March 24, 2008 and recorded April 03, 2008 in Official Records Book 5623 at Page 6366 of the public records of BREVARD County, Florida, encumbering the following-described real property:

LOT 20, PALMWOOD, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 52, PAGES 92 THROUGH 94, INCLUSIVE, OF THE PUBLIC RECORDS OF BREVARD COUNTY, FLORIDA.

as the same may have been amended from time to time; together with the Note and indebtedness secured thereby.

MORTGAGOR(S): TERRY W. NEELEY, and SHARON A. NEELEY

IN WITNESS WHEREOF, Assignor has executed and delivered this instrument on

*May 16* _____, 2008.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INCORPORATED, AS NOMINEE FOR MFC
MORTGAGE INC OF FL .

By: _____

Typed Name:  KELLY MAY – 1ST VICE-PRESIDENT

Title: _____

Attest: _____

Typed Name: _____

Title:  LISA ALLINSON - VICE PRESIDENT

(Affix Corporate Seal)

STATE OF CALIFORNIA          *please see attachment*
COUNTY OF _____

On this ____ day of _____, 2008 before me,
NOTARY PUBLIC personally appeared, who are personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____    (SEAL)

Recording requested by, prepared by and return to:
Roberto Gonzalez
Florida Default Law Group, P.L.
P.O. Box 25018

FILE NUMBER: F08039588          DOC_ID: M001100

# *F08039588*          *M001100*

OR BK  5B68  PG  366

## ACKNOWLEDGMENT

State of California
County of Ventura

On May 16, 2008 before me, Diana V Ramos , a notary public, personally appeared Kelly May & Lisa Allinson, who provided to me on basis of satisfactory evidence to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities and, that by their signatures on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California

10/28/2011 11:22 AM

EXHIBIT A PAGE 71

6

# ASSIGNMENT OF MORTGAGE

**Not Suitable For Imaging**

SPACE FOR RECORDING ONLY FOR MO124

FOR VALUE RECEIVED, on or before February 19, 2008, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR ATLANTIC MORTGAGE SERVICES, INC , ("Assignor") assigned, transferred and conveyed to COUNTRYWIDE HOME LOANS, INC , ("Assignee") whose address is 400 Countrywide Way, , Simi Valley, CA 93065, its successors and/or assigns, all of the right, title, and interest of Assignor in and to that certain Mortgage (the "Mortgage") dated March 29, 2007 and recorded April 03, 2007 in Official Records Book 5764 at Page 9486 of the public records of BREVARD County, Florida, encumbering the following-described real property

LOT 42, BLOCK 127, FIRST REPLAT IN PORT MALABAR UNIT FIVE, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 18, PAGE 99, OF THE PUBLIC RECORDS OF BREVARD COUNTY, FLORIDA

as the same may have been amended from time to time, together with the Note and indebtedness secured thereby

MORTGAGOR(S)   ADAM TSCHANN A/K/A ADAM D TSCHANN, and NICOLE TSCHANN

IN WITNESS WHEREOF, Assignor has executed and delivered this instrument on ___March 6_____, 2008

Signed, sealed and delivered
in the presence of

_____
Witness
Typed Name Teri Genisk

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR ATLANTIC MORTGAGE SERVICES, INC
By_____

_____
Witness
Typed Name   Angela VanCook

Typed Name   LISA ALLINSON - VICE PRESIDENT
Title_____

Attest_____
Typed Name   JILL WOSNAK-ASSISTANT VICE PRESIDENT
Title_____

(Affix Corporate Seal)

STATE OF CALIFORNIA
COUNTY OF _____   Please see attachment

On this _____ day of _____, 2008 before me, _____
NOTARY PUBLIC personally appeared  who are personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal

Signature _____   (SEAL)

Recording requested by, prepared by and return to

FILE_NUMBER F08013811                    DOC_ID M001100

EXHIBIT A PAGE 72

# Exhibit J

Chan Y Tang
7572 Corona Valley Ave.
Corona, CA 92880

August 19, 2011

VIA CERTIFIED MAIL, REGULAR MAIL AND FACSIMILE

Bank of America
100 N. Tryon St.
Charlotte, North Carolina, 28255

Attn: Mortgage Loan Accounting Department
Re: Loan # 870991534   **   **RESPA QUALIFIED WRITTEN REQUEST** **

Dear sir or Madam:

You are the servicer or originator or assignee of our mortgage loan at the above address. We question your ability to collect the debt. We also dispute the amount that is owed according to the monthly billing statement and request that you send us information about the fees, costs and escrow accounting on our loan.

We also question your work out procedures as it pertains to loan modifications, deeds-in –lieu, and short sales. This is a **"Qualified Written Request"** pursuant to the Real Estate Settlement and Procedures Act (12 U.S.C. Sec. 2605(e)). Specifically, we are requesting and itemization of the following:

- A completer payment history, including but not limited to the dates and amount of all payments we have made on the loan to date;
- A breakdown of the amount of claimed arrears or delinquencies;
- An explanation of how the amount due on the Monthly billing statement.
- The payment dates, purpose of payment and recipient of any and all foreclosure fees and costs that have been charged to our account;
- The payment dates, purpose of payment and recipient of all escrow items charged to our account since you took over the servicing;
- A Breakdown of the current escrow charge showing how it is calculated and the reasons for any increase within the last 24 months; and
- A copy of any annual escrow statements and notices of a shortage, deficiency or surplus, sent to us within the last three years.
- A copy of the entire loan origination file, including all disclosures, good faith estimates, 1003's, and other documents provided to me prior to the closing of the loan.
- Any and all proof that your are the current holder of the original note, loan file, and mortgage.
- All assignments, transfers, allonge, or other documents evidencing a transfer, sale

or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignment on MERS.

- A detailed history as it pertains to my application for a loan workout. This includes a copy of all letters, phone logs, representative's name, and a list of all documents sent by me and received by your company.

Sincerely,

Chan Y Yang

Page 2 of 2



# Exhibit K



September 16, 2011

<u>VIA OVERNIGHT MAIL</u>

Chan Yu Tang
7572 Corona Valley Avenue
Corona, CA 92880

RE: Deed of Trust dated December 1, 2005
    Account No. 870991534

Dear Chan Yu Tang:

This letter will serve as a response to your request for verification of the indebtedness relative to the above identified account. The remaining issues raised in your letter will be addressed by Bank of America, N.A. in a separate letter. The name and address of the original creditor of the underlying debt is Bank of America, N.A., 275 S. Valencia Ave. 1st Floor, Brea, CA 92823-6340. Please find enclosed a copy of the Subject Deed of Trust, Note, Substitution of Trustee, Corporation Assignment of Deed of Trust, payment history for the above referenced account since it has been serviced by Bank of America, N.A., and a payoff statement. The payoff figures are projected through 9/29/11 and are valid through that date. Please call 1-800-669-5833 before remitting funds as the figures listed in the payoff statement are subject to change without notice. If you have any information or documentation indicating the payoff calculation is incorrect, please direct copies to the attention of the undersigned as soon as possible.

We encourage your client to contact the Home Retention Team at (800) 669-6650 to discuss any pending or potential workout options that may be available to him. Should you have additional questions regarding the information provided, please contact me at 214-209-0572.

Sincerely,

Latonya Robinson
Paralegal-ReconTrust Legal Support
Encls.

2380 Performance Drive, Mailstop: TX2-984-04-07, Richardson, TX 75082

EXHIBIT A PAGE 77

SHIPMENT:   12/29/2005 - 12/29/2005 05:54 AM                                      12/29/2005 12:42:02 PM

# BANK OF AMERICA DOC HEADER



**\*HEDRF+SECI+6208374\***

| | |
|---|---|
| Loan Number | 6131485432 |
| Borrower Name | CHAN YU TANG |
| Document Type | SECI (MTGE) |
| File Type | TD |
| Box | 6208319 |
| Container Label | BOX[6208319] TD |
| Loan ID | 5985600 |
| Object ID | 6208374 |
| Create Date | 12/29/2005 11:48 AM |

# 54        32

*6131485432*

*+6208374*

Prepper ID: _____

Prep Date: _____

Scanner Batch

EXHIBIT A PAGE 78

CRPRDNRBS43b          9/6/2011 8:40:58 AM   PAGE   2/006   888-294-5658

**Bank of America**
Home Loans
P.O. Box 5170
Simi Valley, CA 93062-5170

Notice Date:  09/06/2011

Account No.:  870991534

CHAN YU TANG & PAO CHANG TANG          **Property Address:**
7572 Corona Valley Ave                 7572 CORONA VALLEY AVE
Corona, CA 92880                       AREA OF CORONA, CA 92880

---

**ABOUT YOUR LOAN**

Attached is a loan history that provides a detailed outline of transactions for the above-referenced account number.

Please note that this history provides pertinent information on payments received, tax and insurance payments disbursed, and late charges assessed and paid.

---

**THANK YOU FOR YOUR BUSINESS**

You are a valued customer here at Bank of America, N.A. and it is our continued goal to provide our customers with the highest level of customer satisfaction.

If you need further assistance, please contact our Customer Service Department directly at 1-800-669-6607.

This communication is from Bank of America, N.A., the servicer of your home loan.

LNHISTF 7473/9944 06/27/2007

EXHIBIT A PAGE 79

CRPRDNRBS43b          9/6/2011 8:40:58 AM   PAGE   3/006   888-294-5658

**Bank of America**
Home Loans

Page 3

Account Number: 870991534
Statement Period: 01/2000 - 09/2011
Date Prepared: 09/06/2011

Property Address:
7572 CORONA VALLEY AVE

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | **Beginning Balance** | | | **385,000.00** | | .00 | | | | .00 |
| 01/31/2006 | REGULAR PAYMENT | 2,308.27 | 02/2006 | 383.27 / 384,616.73 | 1,925.00 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 03/01/2006 | REGULAR PAYMENT | 2,308.27 | 03/2006 | 385.19 / 384,231.54 | 1,923.08 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 04/03/2006 | REGULAR PAYMENT | 2,308.27 | 04/2006 | 387.11 / 383,844.43 | 1,921.16 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 05/03/2006 | REGULAR PAYMENT | 2,308.27 | 05/2006 | 389.05 / 383,455.38 | 1,919.22 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 06/02/2006 | REGULAR PAYMENT | 2,308.27 | 06/2006 | 390.99 / 383,064.39 | 1,917.28 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 07/03/2006 | REGULAR PAYMENT | 2,308.27 | 07/2006 | 392.95 / 382,671.44 | 1,915.32 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 08/01/2006 | REGULAR PAYMENT | 2,308.27 | 08/2006 | 394.91 / 382,276.53 | 1,913.36 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 09/06/2006 | REGULAR PAYMENT | 2,308.27 | 09/2006 | 396.89 / 381,879.64 | 1,911.38 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 10/05/2006 | REGULAR PAYMENT | 2,308.27 | 10/2006 | 398.87 / 381,480.77 | 1,909.40 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 11/13/2006 | REGULAR PAYMENT | 2,308.27 | 11/2006 | 400.87 / 381,079.90 | 1,907.40 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 12/14/2006 | REGULAR PAYMENT | 2,308.27 | 12/2006 | 402.87 / 380,677.03 | 1,905.40 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 01/09/2007 | REGULAR PAYMENT | 2,308.27 | 01/2007 | 404.88 / 380,272.15 | 1,903.39 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 02/15/2007 | REGULAR PAYMENT | 2,308.27 | 02/2007 | 406.91 / 379,865.24 | 1,901.36 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 03/12/2007 | REGULAR PAYMENT | 2,308.27 | 03/2007 | 408.94 / 379,456.30 | 1,899.33 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 04/16/2007 | REGULAR PAYMENT | 2,308.27 | 04/2007 | 410.99 / 379,045.31 | 1,897.28 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |

EXHIBIT A PAGE 80

CRPRDNRBS43b          9/6/2011 8:40:58 AM   PAGE   5/006    888-294-5658

**Bank of America Home Loans**

Account Number: 870991534
Statement Period: 01/2000 - 09/2011
Date Prepared: 09/06/2011

Property Address:
7572 CORONA VALLEY AVE

Page 5

| Transaction Date | Description | Total Payment | PMT/Mo | Principal / Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 05/05/2008 | REGULAR PAYMENT | 2,308.27 | 05/2008 | 438.52 / 373,511.66 | 1,869.75 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 06/09/2008 | REGULAR PAYMENT | 2,308.27 | 06/2008 | 440.71 / 373,070.95 | 1,867.56 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 07/07/2008 | REGULAR PAYMENT | 2,308.27 | 07/2008 | 442.92 / 372,628.03 | 1,865.35 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 08/05/2008 | REGULAR PAYMENT | 2,308.27 | 08/2008 | 445.13 / 372,182.90 | 1,863.14 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 09/10/2008 | REGULAR PAYMENT | 2,308.27 | 09/2008 | 447.36 / 371,735.54 | 1,860.91 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 10/09/2008 | REGULAR PAYMENT | 2,308.27 | 10/2008 | 449.59 / 371,285.95 | 1,858.68 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 11/17/2008 | REGULAR PAYMENT | 2,308.27 | 11/2008 | 451.84 / 370,834.11 | 1,856.43 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 12/12/2008 | REGULAR PAYMENT | 2,308.27 | 12/2008 | 454.10 / 370,380.01 | 1,854.17 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 01/06/2009 | REGULAR PAYMENT | 2,138.13 | 01/2009 | 456.37 / 369,923.64 | 1,851.90 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 02/11/2009 | REGULAR PAYMENT | 2,138.13 | 02/2009 | 519.71 / 369,403.93 | 1,618.42 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 03/09/2009 | REGULAR PAYMENT | 2,138.13 | 03/2009 | 521.99 / 368,881.94 | 1,616.14 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 04/13/2009 | REGULAR PAYMENT | 2,138.13 | 04/2009 | 524.27 / 388,357.67 | 1,613.86 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 05/15/2009 | REGULAR PAYMENT | 2,138.13 | 05/2009 | 526.57 / 387,831.10 | 1,611.56 | .00 / .00 | .00 | .00 | .00 / -106.91 | .00 / .00 |
| 06/16/2009 | REGULAR PAYMENT | 2,138.13 | 06/2009 | 528.87 / 367,302.23 | 1,609.26 | .00 / .00 | .00 | .00 | .00 / -213.82 | .00 / .00 |

EXHIBIT A PAGE 81

CRPRDNRBS43b          9/6/2011 8:40:58 AM   PAGE   6/006   888-294-5658

**Bank of America**
Home Loans

Account Number: 870991534
Statement Period: 01/2000 - 09/2011
Date Prepared: 09/06/2011

Property Address:
7572 CORONA VALLEY
AVE

Page 6

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/06/2009 | REGULAR PAYMENT | 2,245.04 | 07/2009 | 531.18<br>366,771.05 | 1,606.95 | .00<br>.00 | .00 | .00 | 106.91<br>-106.91 | .00<br>.00 |
| 08/14/2009 | REGULAR PAYMENT | 2,138.13 | 08/2009 | 533.51<br>366,237.54 | 1,604.62 | .00<br>.00 | .00 | .00 | .00<br>-106.91 | .00<br>.00 |
| 09/09/2009 | REGULAR PAYMENT | 2,138.13 | 09/2009 | 535.84<br>365,701.70 | 1,602.29 | .00<br>.00 | .00 | .00 | .00<br>-106.91 | .00<br>.00 |
| 03/29/2010 | HAZARD INS PMT | -3,982.00 | 09/2009 | .00<br>365,701.70 | .00 | -3,982.00<br>-3,982.00 | .00 | .00 | .00<br>-106.91 | .00<br>.00 |
| 06/24/2010 | HAZ INS CREDIT | 2,476.00 | 09/2009 | .00<br>365,701.70 | .00 | 2,476.00<br>-1,506.00 | .00 | .00 | .00<br>-106.91 | .00<br>.00 |
| 11/15/2010 | COUNTY TAX PMT | -3,215.37 | 09/2009 | .00<br>365,701.70 | .00 | -3,215.37<br>-4,721.37 | .00 | .00 | .00<br>-106.91 | .00<br>.00 |

EXHIBIT A PAGE 82

# Exhibit L

RECORDING REQUESTED BY:  RECONTRUST COMPANY

WHEN RECORDED MAIL TO:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA  93063

THIS DOCUMENT IS BEING SENT TO YOU
IN ACCORDANCE WITH CIVIL CODE
SECTION 2934a.

Attn:
TS No. 10-0096113

Title Order No. 10-8-376096

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## AFFIDAVIT OF MAILING
## FOR SUBSTITUTION OF TRUSTEE BY CODE

TS#:   10-0096113

Trustor: CHAN YU TANG AND PAO CHANG TANG

I, SUNITA NARAYANAN        , TRUSTEE SALE OFFICER, declare: That I am an officer, agent or
employee of RECONTRUST COMPANY, N.A., whose business address is  1800 Tapo Canyon Rd.,
CA6-914-01-94, SIMI VALLEY 93063.

I am over the age of eighteen years; On 12/03/2010, by Certified and First Class mail, enclosed in
sealed envelopes with postage fully prepaid, I caused to be deposited in the United States Mail copies of
the attached Substitution of Trustee to the trustee of record under the Deed of Trust described in said
Substitution, and;

A copy of the attached Substitution has been mailed prior to the recording thereof, in the manner
provided in Section 2924b of the Civil Code of the State of California to all persons to whom a copy of
the Notice of Default would be required to be mailed by the provisions of said section.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: 12/3/2010

_____
/S/  SUNITA NARAYANAN

*Form affdvtsub (08/03)*

EXHIBIT A PAGE 84

RECORDING REQUESTED BY:

RECONTRUST COMPANY
AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

THIS DOCUMENT IS BEING SENT TO YOU IN
ACCORDANCE WITH CIVIL CODE SECTION 2934.
THE ORIGINAL OF THIS DOCUMENT HAS
CONCURRENTLY BEEN SENT FOR RECORDING
WITH THE COUNTY RECORDER

ATTN:
TS No. 10-0096113

TSG No.  10-8-376096

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SUBSTITUTION OF TRUSTEE

WHEREAS, CHAN YU TANG AND PAO CHANG TANG was the original Trustor, PRLAP, INC. was the original Trustee, and BANK OF AMERICA, N.A. was the original Beneficiary under that certain Deed of Trust dated 12/01/2005 recorded on 12/08/2005 as Instrument No. 2005-1013493 in Book  Page  of Official Records of  Riverside County, California;

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW THEREFORE, the undersigned hereby substitutes RECONTRUST COMPANY, N.A., WHOSE ADDRESS IS: 1800 Tapo Canyon Rd., CA6-914-01-94 SIMI VALLEY,  CA  93063, as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

DATED:

BANK OF AMERICA, N.A.

State of:   California                                    )
County of:  _____   )

BY: /S/ Beneficiary or Investor

On _____ before me, _____, notary public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

Darlene R. Gomez

*Form mlngsub (01/09)*

EXHIBIT A PAGE 85

RECORDING REQUESTED BY:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

WHEN RECORDED MAIL TO:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
Attn:
TS No. 10-0096113

Title Order No. 10-8-376096

APN No.:144-303-014-0

## NOTICE OF TRUSTEE'S SALE

# YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 12/01/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

Notice is hereby given that RECONTRUST COMPANY, N.A., as duly appointed trustee pursuant to the Deed of Trust executed by CHAN YU TANG AND PAO CHANG TANG, dated 12/01/2005 and recorded 12/08/2005, as Instrument No. 2005-1013493, in Book , Page , ), of Official Records in the office of the County Recorder of RIVERSIDE County, State of California, will sell on 12/29/2010 at 10:00 AM, At the Main Street entrance to the County Courthouse, 4050 Main Street, Riverside, CA 92501

at public auction, to the highest bidder for cash or check as described below, payable in full at time of sale, all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and as more fully described in the above referenced Deed of Trust. The street address and other common designation, if any, of the real property described above is purported to be: 7572 CORONA VALLEY AVENUE, AREA OF CORONA, CA 92880. The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

The total amount of the unpaid balance with interest thereon of the obligation secured by the property to be sold plus reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $386,585.54. It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state.

Said sale will be made, in an "AS IS" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided, and the unpaid principal of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.
If required by the provisions of Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Trustee's Sale duly recorded with the appropriate County Recorder's office.

RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
Phone/Sale Information: (800) 281-8219

By: /S/ Title Officer

RECONTRUST COMPANY, N.A. is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

*Form mlgnos (07/01)*

EXHIBIT A PAGE 86

# Exhibit M

Bank of America | Notice of Assignment, Sale or Transfer of Servicing...                http://promotions.bankofamerica.com/respa/

# NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

You are hereby notified that the servicing of your mortgage loan and the right to collect payments in connection with your loan will be/was transferred from BAC Home Loans Servicing, LP to Bank of America, N.A., effective July 1, 2011.

The transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan. Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing. However, in this case, all necessary information is combined in this one notice.

YOUR SERVICER PRIOR TO JULY 1, 2011:
Your servicer prior to July 1, 2011: BAC Home Loans Servicing, LP. If you have any questions relating to the transfer of servicing from this servicer, please call Bank of America Customer Service toll-free at 1.877.488.7812 between 8 a.m. and 9 p.m. Eastern, Monday through Friday. Your call may be monitored or recorded to ensure quality service.

YOUR SERVICER ON AND AFTER JULY 1, 2011:
Your new servicer on and after July 1, 2011: Bank of America, N.A. The business address for Bank of America, N.A. for purposes of your mortgage loan is: 450 American Street, Simi Valley, CA 93065-6285. Below is the information on how to contact and make payments to Bank of America, N.A.

Toll-free Number
The toll-free telephone number of Bank of America, N.A. is 1.877.488.7812. If you have any questions relating to the transfer of servicing to your new servicer, please call Bank of America Customer Service toll-free at 1.877.488.7812 between 8 a.m. and 9 p.m. Eastern, Monday through Friday. Please have your account number ready whenever you call. Your call may be monitored or recorded to ensure quality service.

Address for Correspondence (other than payments)
The address to send written correspondence to Bank of America, N.A. (other than payments) is:

Bank of America, N.A.
Customer Service Correspondence
CA6-919-01-41
P.O. Box 5170
Simi Valley, CA 93062-5170

Please include your loan number on all written correspondence you send to Bank of America, N.A.

Address for Mailed Payments
This transfer does not change the mailing address to send your payments. Please continue to send your payments to Bank of America, N.A. at the mailing address indicated on your monthly statements and/or coupons. Please write your loan number on all checks, cashier checks and other payments sent to Bank of America, N.A.

INFORMATION CONCERNING YOUR PAYMENTS AND OPTIONAL INSURANCE:
The date that BAC Home Loans Servicing, LP no longer accepts payments from you is June 30, 2011. The date that Bank of America, N.A. begins accepting payments from you is July 1, 2011. Send all payments due on or after that date to Bank of America, N.A.

Optional insurance, such as life and disability insurance coverage, will continue without interruption. If, for some reason, your current coverage cannot be continued by Bank of America, N.A., you will be given separate notice and offered other alternatives without interruption in your coverage.

ADDITIONAL RIGHTS UNDER THE REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)
We want to make you aware of certain rights you have under RESPA. A summary is provided below.

ABOUT YOUR RIGHTS UNDER RESPA
You should be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a "qualified written request" regarding Bank of America, N.A.'s servicing of your loan, it must be sent to the following address:

Bank of America, N.A.

1 of 2

EXHIBIT A PAGE 88

Bank of America | Notice of Assignment, Sale or Transfer of Servicing...          http://promotions.bankofamerica.com/respa/

Customer Service Correspondence
CA6-919-01-41
P.O. Box 5170
Simi Valley, CA 93062-5170

No later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60-Business-Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of the Section. You should seek legal advice if you believe your rights have been violated.

🔒 Privacy & Security
Bank of America, N.A. Member FDIC. Equal Housing Lender. ⌂
© 2011 Bank of America Corporation. All rights reserved.

10/23/2011 12:20 PM

EXHIBIT A PAGE 89

Comptroller of the Currency
Administrator of National Banks
US Department of the Treasury

Back to Top Navigation

# National Bank Operating Subsidiary List (A-M)

As of 12/31/2009

# A B C D E F G H I J K L M N O P Q R S T U V W X Y Z

## #

### National Bank Operating Subsidiary List "#"

| Name of Operating Subsidiary | Doing Business As (DBA), abbreviated, or trade name | Name of Parent National Bank (legal name) | Operating Subsidiary City/State | |
|---|---|---|---|---|
| * Indicates more than one DBA name for an OS. | | | | |
| 1st Capital Mortgage, LLC | N/A | Wells Fargo Bank, NA | Cary | NC |
| 360 Mortgage Solutions, LLC | N/A | Wells Fargo Bank, NA | Corona | CA |

^ Back to Top ^

## A

### National Bank Operating Subsidiary List "A"

| Name of Operating Subsidiary | Doing Business As (DBA), abbreviated, or trade name | Name of Parent National Bank (legal name) | Operating Subsidiary City/State | |
|---|---|---|---|---|
| * Indicates more than one DBA name for an OS. | | | | |
| Access National Mortgage Corporation | N/A | Access National Bank | Reston | VA |
| Advance Mortgage | N/A | Wells Fargo Bank, NA | Virginia Beach | VA |
| Advantage Mortgage Partners, LLC | N/A | Wells Fargo Bank, NA | Suwanee | GA |
| All American Choice Mortgage LLC | N/A | First National Bank of Chester County | Mountville | PA |
| Alliance Home Mortgage, LLC | N/A | Wells Fargo Bank, NA | Natick | MA |
| Alliance Leasing, Inc. | N/A | Alliance Bank, NA | Syracuse | NY |
| Alliance Preferred Funding Corp. | N/A | Alliance Bank, NA | Oneida | NY |
| American Priority Mortgage, LLC | N/A | Wells Fargo Bank, NA | Cornelius | NC |
| American Southwest Mortgage Services, LLC | Keyes Mortgage | Wells Fargo Bank, NA | Weston | FL |
| APM Mortgage, LLC | N/A | Wells Fargo Bank, NA | Park Ridge | IL |
| Arizona Mortgage Advisers, LLC | N/A | U.S. Bank National Association | Plymouth | MN |
| Ascent Financial Services, LLC | N/A | Wells Fargo Bank, NA | Dallas | TX |
| Ashton Woods Mortgage, LLC | N/A | Wells Fargo Bank, NA | Alpharetta | GA |

^ Back to Top ^

## B

### National Bank Operating Subsidiary List "B"

| Name of Operating Subsidiary | Doing Business As (DBA), abbreviated, or trade name | Name of Parent National Bank (legal name) | Operating Subsidiary City/State | |
|---|---|---|---|---|
| * Indicates more than one DBA name for an OS. | | | | |
| BAC Home Loans Servicing, LP | N/A | Bank of America, National Association | Plano | TX |
| BAC Retail Group LLC | N/A | Bank of America, National Association | Troy | MI |
| Banc of America Consumer Card Services, LLC | N/A | FIA Card Services, National Association | Charlotte | NC |
| Bankers Funding Company LLC | N/A | Wells Fargo Bank, NA | Costa Mesa | CA |
| BankMortgageSolutions LLC | N/A | First National Bank | Lenexa | KS |
| Baytree Lending Company | St. Francis Mortgage Corporation | Baytree National Bank & Trust Co. | West Allis | WI |
| Belgravia Mortgage Group, LLC | BG Mortgage | Wells Fargo Bank, NA | Chicago | IL |
| Benefit Mortgage, LLC | N/A | Wells Fargo Bank, NA | Cincinnati | OH |
| Berks Mortgage Services, LLC | N/A | Wells Fargo Bank, NA | Mohnton | PA |
| BHS Home Loans, LLC | N/A | Wells Fargo Bank, NA | Corona | CA |

EXHIBIT A PAGE 90

2011 07/14 18:04 FAX  2147408800        LOCKE LORD BISSELL 1                    ☒003/004

Cause No. 2011-02490

| | | |
|---|---|---|
| MARIE P. HOLMES, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 152nd JUDICIAL DISTRICT |
| | § | |
| BAC HOME LOANS SERVICING, LP, | § | |
| and BANK OF AMERICA, N.A. | § | |
| | § | HARRIS COUNTY, TEXAS |
| Defendants. | § | |

### NOTICE OF MERGER AND NAME CHANGE

Please take notice that effective July 1, 2011, BAC Home Loans Servicing, LP has been merged into Bank of America, N.A. It will now be known as "Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP."

Respectfully submitted,

*Kurt M. Wolber*

Robert T. Mowrey
  State Bar No. 14607500
Thomas G. Yoxall
  State Bar No. 00785304
Kurt M. Wolber
  State Bar No. 24066303
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue  Suite 2200
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

07/14/2011 THU 18:06 [TX/RX NO 7800] ☒003

# Exhibit N

RECORDING REQUESTED BY:
Security Union

AND WHEN RECORDED MAIL TO:

Chan Yu Tang

THIS SPACE FOR RECORDER'S USE ONLY:

| Title Order No.: 40004296 | | Escrow No.: 550226-RL |
|---|---|---|
| | **GRANT DEED** | |

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $583.00**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Corona AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Bonnie Lin, a single woman as to an undivided 50% Interest and Frank Lin, a single man as to an undivided 50% Interest ; as Joint Tenants**

hereby GRANT(s) to:

**Chan Yu Tang and Pao Chang Tang**, husband and wife, as Joint Tenants

the real property in the City of Corona, County of Riverside, State of California, described as:
Legal description per Exhibit "A" attached hereto and made a part hereof.
Also Known as: 7672 Corona Valley Avenue, Corona, CA 92880
AP#:  134 220 039-4

DATED May 24, 2004
STATE OF CALIFORNIA
COUNTY OF _LOS ANGELES_
On _JUNE 3 2004_
Before me, _REBECCA Y. LEUNG_
A Notary Public in and for said State, personally appeared
_BONNIE LIN AND_
_FRANK LIN_

personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature_____

Bonnie Lin

Frank Lin

REBECCA Y. LEUNG
COMM. # 1357985
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
COMM. EXP. MAY 24, 2006

(This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

Branch :USN,User :1905                                                    Station`ID :SKO7

# DESCRIPTION

Order No.  040004296

PARCEL 1:

LOT 48 OF TRACT NO. 28684-1, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP
FILED IN BOOK 331, PAGES 58 THROUGH 62, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY

PARCEL 2:

NONEXCLUSIVE EASEMENT FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT, DRAINAGE,
ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, AND FOR OTHER PUPOSES, ALL AS DESCRIBED IN
THE DECLARATION OF ESTABLISHMENT OF CONVENANTS, CONDITIONS AND RESTRICTIONS, FOR CORONA
VALLEY ("DECLARTION"0, RECORDED ON DECEMBER 23, 1999, AS INSTRUMENT NO. 99-555630, OF
OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA, INCLUDING ANY AMENDMENTS THERETO.

PDONLY —11/17/67bk

RIVERSIDE, CA  Document:DD 2004.477791                                    Page:3 of 4

Printed on:7/7/2011 2:31 PM

EXHIBIT A PAGE 94

Government Code 27361.7

I Certify Under Penalty of Perjury That The Notary Seal
On The Document To Which This Statement Is Attached
Reads As Follows:

Name of Notary: _Rebecca Y Leung_

Commission No: _1357985_

Date Commission Expires: _MAY 24-06_

County: _ORANGE_

By _____

Date: _6-22 04_

EXHIBIT A PAGE 95

Branch :USN,User :1905

Station ID :SKO7

RECORDING REQUESTED BY
SECURITY UNION TITLE

AND WHEN RECORDED MAIL TO

CHAN YU AND PAO CHANG TANG
7572 CORONA VALLEY AVENUE
CORONA, CA 92880

Escrow No. 550226-RL
Order No.   40004296 - W02
134-220-039-4

GRANT DEED

TRA - 004
DTT - 583.00

DOC # 2004-0477791
06/22/2004 08:00A Fee:35.00
Page 1 of 4 Doc T Tax Paid
Recorded in Official Records
County of Riverside
Gary L. Orso
Assessor, County Clerk & Recorder

| M | S | U | PAGE | SIZE | DA | PCOR | NOCOR | SMF | MISC. |
|---|---|---|------|------|----|----|-----|-----|-------|
|   |   |   | 4    |      |    |      |       |     | M     |
| A | R | L |      |      |    | COPY | LONG | REFUND | NCHG | EXAM |

36

T
MA

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING  INFORMATION
( Additional recording fee applies )

CPFR4 –11/13/952K

RIVERSIDE, CA  Document:DD 2004.477791

Printed on:7/7/2011 2:31 PM

Page:1 of 4

EXHIBIT A PAGE 96

# Exhibit B

**BRYAN CAVE LLP**
Stuart W. Price, California Bar No. 125918
Sean Muntz, California Bar No. 221060
Roya Graziano, California Bar No. 239259
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100
E-Mail: swprice@bryancave.com
sean.muntz@bryancave.com
grazianor@bryancave.com

Attorneys for Defendants
BANK OF AMERICA, N.A. and RECONTRUST COMPANY, N.A. (erroneously sued as Recontrust Company)

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| Chan Y Tang and Pao C Tang<br><br>Plaintiff,<br><br>vs.<br><br>Bank of America, N.A. a business entity, form unknown; Recontrust Company., a business entity, form unknown; and DOES 1 to 63, inclusive,<br><br>Defendants. | Case No. RIC 1117829<br><br>**NOTICE TO ADVERSE PARTIES AND STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Assigned to Department 6 for Case Management Purposes<br><br>Complaint Filed: November 3, 2011<br>Trial Date: Not Assigned |

1       **TO ALL PARTIES AND TO THE CLERK OF THE SUPERIOR COURT:**

2       **PLEASE TAKE NOTICE** that defendants Bank of America, N.A. and ReconTrust

3    Company, N.A. (erroneously sued as Recontrust Company) (collectively, "Defendants") filed a

4    Notice of Removal in the United States District Court, for the Central District of California,

5    pursuant to 28 U.S.C. §§ 1331 and 1441(b).  A true and correct copy of the Notice of Removal is

6    attached as Exhibit 1 (without exhibits).

7       **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446(d), the filing

8    of the Notice of Removal in the United States District Court, together with the filing of this notice

9    with this Court, effects removal of this action.  Therefore, this Court may proceed no further with

10   Plaintiffs' action unless and until the action is remanded.

11

12   Dated:  December 27, 2011

13
                                        **BRYAN CAVE LLP**
                                        Stuart W. Price
14                                      Sean Muntz
                                        Roya Graziano
15
                                        By: _____
16                                          Roya Graziano
17                                      Attorneys for Defendants
                                        BANK OF AMERICA, N.A. and RECONTRUST
18                                      COMPANY, N.A. (erroneously sued as Recontrust
                                        Company)
19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS524604.1

NOTICE TO ADVERSE PARTIES AND STATE COURT OF REMOVAL

**PROOF OF SERVICE**
CCP 1013a(3) Revised 5/1/88
**TANG V. BANK OF AMERICA, N.A. ET AL. (RIC1117829)**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  3161 Michelson Drive, Suite 1500, Irvine, CA  92612-4414.  My email address is: burta@bryancave.com.

On December 27, 2011, I served the following document(s) described as:

**NOTICE TO ADVERSE PARTIES AND STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

on all interested parties in this action by placing [X] a true copy [  ] the original thereof enclosed in sealed envelopes addressed as follows:

Chan Y. Tang                          ***Pro Per Plaintiffs***
Pao C. Tang
7572 Corona Valley Ave              Phone:     (626) 636-0234
Corona, CA 92880                    Fax:
                                    Email:

[X] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] STATE - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 27, 2011, at Irvine, California.

*Ashley J. Burt*
Ashley J. Burt

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

525031.1

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

### EDCV11- 2048 VAP  (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)
TANG, CHAN Y and TANG, PAO C

**DEFENDANTS**
BANK OF AMERICA, N.A. a business entity, form unknown;
RECONTRUST COMPANY, a business entity, form unknown; and
DOES 1 to 63, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Chan Y Tang and Pao C Tang, In Pro Per
7572 Corona Valley Avenue
Corona, CA  92880
(626) 636-0240

Attorneys (If Known)
Stuart W. Price, SBN 125918  (swprice@bryancave.com)
Sean D. Muntz, SBN 223549  (sean.muntz@bryancave.com)
Roya Graziano, SBN 239259  (grazianor@bryancave.com)
BRYAN CAVE LLP
3161 Michelson Drive, Suite 1500, Irvine, CA  92612
Telephone:  (949) 223-7000 / Fax:  (949) 223-7100

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. and Real Estate Settlement Procedures Act, 15 U.S.C. §§ 2605, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury- Med Malpractice
☐ 365 Personal Injury- Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☒ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Acco- mmodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE /PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R.& Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:**     Case Number:     **ED CV 11 - 02048** VAP    (DTBx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                           CIVIL COVER SHEET                           Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

DEC 27 2011

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date December 27, 2011

Roya Graziano

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com