Stuart W. Price, California Bar No. 125918
swprice@bryancave.com
Sean D. Muntz, California Bar No. 223549
sean.muntz@bryancave.com
Roya N. Graziano, California Bar No. 239259
grazianor@bryancave.com
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendants
BANK OF AMERICA, N.A. and RECONTRUST
COMPANY, N.A. (erroneously sued as Recontrust Company)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CHAN Y. TANG and PAO C. TANG,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., a business entity, form unknown; RECONTRUST COMPANY, a business entity, form unknown; and DOES 1 THROUGH 63 INCLUSIVE,<br><br>Defendants. | Case No. 5:11-cv-02048-DOC (DTBx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Hon. David O. Carter<br><br>Date: February 6, 2012<br>Time: 8:30 a.m.<br>Courtroom: 9D |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................2

II. STATEMENT OF FACTS .................................................................................2

III. STANDARDS GOVERNING A MOTION TO DISMISS ...............................2

IV. PLAINTIFFS DO NOT ALLEGE TENDER ....................................................2

V.  ARGUMENT ......................................................................................................2

    A. Plaintiffs' First Cause of Action Fails ......................................................2

        1. The Foreclosing Party Need Not Own the Note ...........................2

        2. Securitization of the Note Does Not Void The Power Of Sale ....2

    B. Plaintiffs' Second Cause of Action Fails .................................................2

    C. Plaintiffs' Third Cause of Action Fails ....................................................2

    D. Plaintiffs' Fourth Cause of Action For Violations of RESPA and TILA Fails ...................................................................................................2

        1. Plaintiffs' Claim for Violation of RESPA Fails ...........................2

        2. Plaintiffs' Claim for Violation of TILA Fails ..............................2

    E. Plaintiffs' Fifth Cause of Action for Fraud and Concealment Fails .......2

    F. Plaintiffs' Sixth "Cause of Action" for Quiet title Fails .........................2

    G. Plaintiffs' Seventh "Cause of Action" for Declaratory and Injunctive relief Fails ..............................................................................2

    H. Plaintiffs' Eighth Cause of Action for Slander of Title Fails .................2

    I. Plaintiffs' Ninth Cause of Action for intentional infliction of emotional distress Fails ............................................................................2

VI. CONCLUSION ..................................................................................................2

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

# TABLE OF AUTHORITIES

**Page**

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**Cases**

*Aguilar v. Bocci*,
  39 Cal. App. 3d 475 (1974) .................................................................... 10

*Alicea v. GE Money Bank*,
  2009 U.S. Dist. LEXIS 60813 (N.D. Cal. 2009) ........................................ 2

*Ayala v. Bank of Am.*,
  2010 WL 1568577 (S.D. Cal. April 16, 2010) ......................................... 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................. 2

*Benham v. Aurora Loan Servs.*,
  No. C-09-2059 SC, 2009 WL 2880232 (N.D.Cal. Sept. 1, 2009) ............. 5

*Christensen v. Sup. Ct.*,
  54 Cal. 3d 868 (1991) .............................................................................. 11

*Clark v. Countrywide Home Loans, Inc.*,
  732 F. Supp. 2d 1038 (E.D. Cal. 2010) ..................................................... 4

*Cuaresma v. Deustche Bank Nat'l Co.*,
  2011 WL 4727805 (N.D. Cal. Oct. 7, 2011) ............................................ 10

*Desaigoudar v. Meyercord*,
  223 F.3d 1020 (9th Cir. 2000) ................................................................... 8

*Gaffney v. Downey Savs. & Loan Assn.*,
  200 Cal. App. 3d 1154 (1988) ................................................................... 2

*Gomes v. Countrywide Home Loans, Inc.*,
  192 Cal. App. 4th 1149 (2011) .................................................................. 3

*Hafiz v. Greenpoint Mortg. Funding, Inc.*,
  652 F. Supp. 2d 1039 (N.D. Cal. 2009) ................................................... 10

*Karlsen* v. *Am. Sav. & Loan Ass'n*,
  15 Cal. App. 3d 112 (1971) ....................................................................... 2

*King v. California*,
  784 F.2d 910 (9th Cir. 1986), *cert. denied*, 484 U.S. 802 (1987) ............ 8

*Lane v. Vitek Real Estate Indus. Group*,
  713 F. Supp. 2d 1092 (E.D. Cal. 2010) ................................................... 10

*Lane v. Vitek Real Estate Industries Group*,
  713 F. Supp. 2d 1092 (E.D. Cal. 2010) ..................................................... 4

*Lee v. Aurora Loan Servs.*,
  2010 WL 1999590 (N.D. Cal. May 18, 2010) ......................................... 10

*Leeper v. Beltrami*,
  53 Cal. 2d 195 (1959) ................................................................................ 9

*Levine v. Blue Shield of California*
  (2010) 189 Cal. App. 4th 1117 .................................................................. 6

*Lupertino v. Carbahal*,
  35 Cal. App. 3d 742 (1973) ....................................................................... 9

*Marlin v. Aimco Venezia, LLC*,
  154 Cal. App. 4th 154 (2007) .................................................................................. 10
*Marty v. Wells Fargo Bank*,
  2011 U.S. Dist. LEXIS 29686 (E.D. Cal. Mar. 22, 2011) ....................................... 3
*Melchoir v. New Line Prods., Inc.*
  (2003) 106 Cal. App. 4th 779 .................................................................................. 6
*Moeller v. Lien,*
  25 Cal. App. 4th 822 (1994) .................................................................................... 3
*Moore v. Kayport Package Express, Inc.*,
  885 F.2d 531 (9th Cir. 1989) ................................................................................... 8
*Nguyen v. Calhoun*,
  105 Cal. App. 4th 428 (2003) .................................................................................. 3
*Roque v. Suntrust Mortg., Inc.*,
  No. C-09-00040 RMW, 2010 U.S. Dist. LEXIS 11546 (N.D. Cal. Feb. 9,
  2010) ........................................................................................................................ 5
*Seeley v. Seymour*
  (1987) 190 Cal.App.3d 844 ................................................................................... 11
*Stalberg v. Western Title Ins. Co.*
  (1994) 27 Cal.App.4th 925 .................................................................................... 11
*Stansfield v. Starkey,*
  220 Cal. App. 3d 59 (1990) ..................................................................................... 8
*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
  2 Cal. App. 4th 153 (1991) ...................................................................................... 9
*Tasaranta v. Homecomings Fin'l, Inc.*,
  2009 WL 3055227 (S.D. Cal. Sept. 21, 2009) ...................................................... 10
*U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*,
  165 Cal. App. 3d 1214 (1985) ................................................................................. 2
*Vega v. JPMorgan Chase Bank, N.A.*,
  654 F. Supp. 2d 1104 (E.D. Cal. 2009) .................................................................. 9

**Statutes**

12 U.S.C. § 2605(f) ......................................................................................................... 7
12 U.S.C. § 2614 ............................................................................................................. 6
15 U.S.C. § 1640(e) ........................................................................................................ 8
15 U.S.C. § 1641 ............................................................................................................. 7
Cal. Civ. Code § 2923.5 ...................................................................................... 1, 5, 6, 10
Cal. Civ. Code § 2923.5(a)(1) ..................................................................................... 5, 6
Cal. Civ. Code § 2923.5(b) .......................................................................................... 5, 6
Cal. Civ. Code 2924(a)(1) .......................................................................................... 3, 4

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 2
Fed. R. Civ. Proc. 9(b) .................................................................................................... 8

IR01DOCS525256.3                         iii
                              MEM. OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs defaulted on a home loan. They now sue their lender in an attempt to prevent foreclosure of the property securing the loan.

Plaintiffs assert nine causes of action for: Wrongful Foreclosure; Violation of California Civil Code § 2923.5; Unjust Enrichment; Violation of the Real Estate Settlement Procedures Act and Violation of the Truth in Lending Act; Fraud and Concelament; Quiet Title; Declaratory and Injunctive Relief; Slander to Title; and Intentional Infliction of Emotional Distress.

Plaintiffs do not allege sufficient facts to state a plausible claim for relief. Plaintiffs were approved for a loan they now claim they should not have received. They seek to hold Defendants responsible for granting them the loan they requested. At the time Plaintiffs qualified for the loan, they signed the loan agreement and were aware of its terms. They have not made a payment since September 2009.

Defendants' Motion to Dismiss should be granted.

## II. STATEMENT OF FACTS

On December 1, 2005, Plaintiffs borrowed $385,000.00 from Bank of America. (Request for Judicial Notice ("RJN"), Exhibit A.) The loan was secured by a Deed of Trust encumbering property in Corona, California. (RJN, Exhibit A.) The Deed of Trust contains a power of sale authorizing foreclosure upon default. (*Id.*) Bank of America ("BANA") is listed as the beneficiary. (*Id.*) ReconTrust Company, N.A. is listed as the Trustee. (*Id.*)

On August 30, 2010, ReconTrust recorded a Notice of Default. (RJN, Exhibit B.) As of that date, Plaintiffs were $25,102.04 behind on their payments. (*Id.*)

On September 9, 2010, Bank of America assigned its interest under the Deed of Trust to ReconTrust. (RJN, Exhibit C.)

On December 6, 2010, ReconTrust recorded a Notice of Trustee's Sale. (RJN, Exhibit D.) The Notice of Trustee's Sale listed the unpaid balance of the loan

as $386,585.54. (*Id.*)

## III. STANDARDS GOVERNING A MOTION TO DISMISS

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) may be brought when a plaintiff fails to state a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his or her entitlement to relief requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter that when accepted as true, states a claim to relief that is plausible on its face. *Id.* at 564.

## IV. ARGUMENT

### A. Plaintiffs Do Not Allege Tender.

Plaintiffs must allege a credible and unconditional tender of the entire unpaid balance of the loan to maintain an action challenging a pending foreclosure sale. *See Karlsen* v. *Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971). "The law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale." *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985); *Gaffney v. Downey Savs. & Loan Assn.*, 200 Cal. App. 3d 1154, 1165 (1988). "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, 2009 U.S. Dist. LEXIS 60813, *3 (N.D. Cal. 2009). "The rules which govern tenders are strict and are strictly applied. . . ." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003).

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

Plaintiffs seek to challenge a pending foreclosure sale. They do not, however, allege tender of the balance of their debt. Therefore, they do not have standing to assert their claims.

### B. Plaintiffs' First Cause of Action Fails.

Plaintiffs' cause of action for wrongful foreclosure is based on the theory that the foreclosing party must own the note before proceeding with a non-judicial foreclosure. This proposition has no merit.

#### 1. The Foreclosing Party Need Not Own the Note.

Plaintiffs contend Defendants should be enjoined from foreclosing because "BOA does not have standing to sell Plaintiff's property because BOA is no[t] the holder of the Note." (Compl., ¶ 21.) "BOA is Plaintiffs mortgage servicer, therefore Substitution of Trustee executed by BOA is invalid and void." (Compl., ¶ 20.)

Contrary to Plaintiffs' contentions, California law does not require the party conducting a nonjudicial foreclosure to be the pecuniary beneficiary or owner of the note.

California's non-judicial foreclosure statutes provide "'a comprehensive framework for the regulation of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of trust.'" *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 (2011) (*quoting Moeller v. Lien* 25 Cal. App. 4th 822, 830 (1994)). Those statutes vest the right to foreclose in "the trustee, mortgagee, or beneficiary, or any of their authorized agents." Cal. Civ. Code 2924(a)(1); *accord Gomes*, 192 Cal. App. 4th at 1156 n.7.

California courts have consistently rejected the theory that the foreclosing party may not foreclose unless it is the owner or holder of the note. *See, e.g.*, *Marty v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 29686, at *19 (E.D. Cal. Mar. 22, 2011) ("Finally, any claim by plaintiff that the foreclosure proceedings were unlawful because none of the defendants were the holders of the note, would also be

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

frivolous."); *Lane v. Vitek Real Estate Industries Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose. Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure. Accordingly, the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale."); *Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1050 (E.D. Cal. 2010)

Plaintiffs allege "None of the Defendants in this action was the note holder or a beneficiary of Plaintiffs Loan at the time of foreclosure." (Compl., ¶ 17.) Plaintiffs allege ReconTrust did not have the power to initiate non-judicial foreclosure by recording a Notice of Default. (Compl., ¶18.) On September 9, 2010, Bank of America assigned its interest under the Deed of Trust to ReconTrust. (RJN, Exhibit C.) As Trustee, ReconTrust is statutorily permitted to initiate non-judicial foreclosure proceedings against Plaintiffs upon default. Cal. Civ. Code 2924(a)(1).

Plaintiffs also claim T. Serillano, who signed the Substitution of Trustee naming ReconTrust as the new trustee of the Deed of Trust, does not have the authority to assign the Deed of Trust and the assignment is therefore void. (Compl., ¶ 19). The claim lacks merit. As an agent to Bank of America and as the named Trustee, T. Serillano was and is authorized to assign the deed of trust.[1] Cal. Civ. Code 2924(a)(1).

**2.    Securitization of the Note Does Not Void The Power Of Sale.**

---

[1]    Plaintiffs also conclude, without factual support, that T. Serillano is a "robo-signer . . . and has attested to the truth of facts recited in declarations and affidavits in hundreds of thousand[s] of foreclosure[s], has no authority to execute the SOT [or] change the trustee. Therefore the SOT executed by T. Sevillano is also [in]valid and void." (Compl., ¶ 19.) Plaintiffs' allegations regarding T. Serillano relate to his signing of the assignment and thus his personal knowledge is irrelevant.

Plaintiffs also contend Defendants may not foreclose because their loan was placed into a pool of loans and sold. (Compl., ¶ 16.) This theory has been rejected by the courts in California. *See Benham v. Aurora Loan Servs.*, No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D.Cal. Sept. 1, 2009) ("Other courts . . . have summarily rejected the argument that companies like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool.").

In a similar case, a plaintiff made the "tenuous assertion that the beneficiary of record of the deed of trust does not have standing to foreclose upon the property because the PSA somehow cancelled the power of sale contained in the deed of trust due to the unknown chain of ownership. [But u]niformly among courts, production of the note is not required to proceed in foreclosure and similarly no production of any chain of ownership is required." *Roque v. Suntrust Mortg., Inc.*, No. C-09-00040 RMW, 2010 U.S. Dist. LEXIS 11546, at *8 (N.D. Cal. Feb. 9, 2010).

No statute or California authority prohibits the securitization of a note. Nor does any statute or case allow a borrower to escape their payment obligations as a result of securitization.

### C.   Plaintiffs' Second Cause of Action Fails

Plaintiffs second cause of action is for violation of Cal. Civil Code § 2923.5. Section 2923.5's plain language prohibits lenders from recording a notice of default without contacting or attempting to contact the borrower about ways to avoid foreclosure, and without including a declaration that it contacted the borrower or tried with due diligence to contact the borrower, or the borrower has surrendered the property. *See* Cal. Civ. Code § 2923.5(a)(1), (b).

Here, ReconTrust recorded the notice of default on August 30, 2010. (RJN, Exhibit B.) The notice of default includes a declaration singed by Michael Link, BAC home loans Senior Collector, and states "Tried with due diligence to contact the borrower." (RJN, Exhibit B.) Defendants complied with the requirements of the

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

statute, and Plaintiffs' claims fail.

Further, attached to the Notice of Trustee's Sale, as required by Cal. Civ. Code § 2923.5(a)(1), (b), was the declaration of exemption, signed by Lisa Allinson of Bank of America Home Loans Servicing, LP. (RJN, Exhibit D). Plaintiffs' claim that Allinson's signature is that of a "robo-signer" is irrelevant. As an agent to Bank of America and as the named Lisa Allinson was authorized to sign the exemption.

Plaintiffs cannot show a violation of Cal. Civ. Code § 2923.5.

### D. Plaintiffs' Third Cause of Action for "Unjust Enrichment" Fails.

Unjust enrichment is not a cause of action. *Levine v. Blue Shield of California* (2010) 189 Cal. App. 4th 1117 ("this court has recently held that there is no cause of action in California for unjust enrichment"); *Melchoir v. New Line Prods., Inc.* (2003) 106 Cal. App. 4th 779, 793.

### E. Plaintiffs' Fourth Cause of Action For Violations of RESPA and TILA Fails

Plaintiffs fourth cause of action alleges Defendants violated the Real Estate Settlement Procedures Act and the Truth in Lending Act 15 U.S.C. § 1641(g). The cause of action is without merit.

#### 1. Plaintiffs' Claim for Violation of RESPA Fails.

Plaintiffs allege, "BOA did not respond totally on Plaintiffs' QWR request is in violation of federal law." (Compl., ¶ 33.) First, to the extent the putative RESPA claim is based on undisclosed kickbacks or affiliated business arrangements, the claim is time-barred by RESPA's one-year statute of limitation. *See* 12 U.S.C. § 2614. Second, RESPA creates liability for failure to respond to a qualified written request only if a lack of response damages the borrower. 12 U.S.C. § 2605(f). By Plainitffs' own account, ReconTrust responded in a timely manner to Plaintiffs' QWR with payment history, payoff calculation and information regarding how to contact Home Retention for work out options. (Compl., ¶ 33.) The RESPA claim fails.

IR01DOCS525256.3           6
                                              MEM. OF POINTS AND AUTHORITIES

### 2.     **Plaintiffs' Claim for Violation of TILA Fails.**

The Truth in Lending Act, enacted in 2009, requires new creditors to notify the homeowners of the following information: (1) the new creditor's identity; (2) the new creditor's address and telephone number; (3) the date of transfer; (4) how to reach an agent or party with authority; and (5) the location of the place where transfer of ownership the debt is recorded.  15 U.S.C. § 1641(g).

Plaintiffs claim Bank of America failed to comply with the statute.  Plaintiffs do not, however, specify how Bank of America failed to comply.  (Compl., ¶¶ 31-35.)

Plaintiffs also fail to plead any resulting damages.  Plaintiffs allege only that "Defendants have engaged in a practice of non-compliance with RESPA . . . Plaintiffs are informed and believe that this practice is designed to conceal TILA a[n]d RESPA violations. . . ."  (Compl., ¶ 34.)  "As a direct and proximate result of Defendants' failure to comply with RESPA, Plaintiffs have suffered and continue to suffer actual damages. . . ."  (Compl., ¶ 35.)  This conclusory allegation has no basis in fact.

The recorded Notice of Default indicates Plaintiffs were in default well before August 30, 2010.  (RJN, Exhibit B.)  As of that date, Plaintiffs were $25,102.04 behind on their payments.  (*Id.*)  On September 9, 2010, Bank of America assigned its interest under the Deed of Trust to ReconTrust.  (RJN, Exhibit C.)  Plaintiffs cannot allege "they fell into foreclosure" due to any alleged violation of 15 U.S.C. § 1641.  Plaintiffs fell into foreclosure because they did not make their loan payments.  Whatever the cause, the Notice of Default gave Plaintiffs notice of the amount owed and an opportunity to cure.  Plaintiffs did not take advantage of the opportunity.

Finally, claims under TILA must be asserted within one year of the alleged violation, which the Ninth Circuit has defined to be the date of the consummation of the loan transaction.  15 U.S.C. § 1640(e); *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986), *cert. denied*, 484 U.S. 802 (1987).  The Loan closed in December

2005, and Plaintiffs did not sue until November 2011—nearly six years past the deadline. Any potential TILA claim is untimely and should be dismissed.

### F. Plaintiffs' Fifth Cause of Action for Fraud and Concealment Fails

The gravamen of Plaintiffs' claims is that Bank of America allegedly misrepresented the terms of the 2005 Loan. As a matter of law, these actions are barred by the statute of limitations. Under California law, an action for relief on the ground of fraud must be commenced within three years. Cal. Code Civil Proc., § 338; *April Enters., Inc. v. KTTV* (1983) 147 Cal. App. 3d 805, 826; *Winn V. McCulloch Corp*. (1976) 69 Cal. App. 3d 663, 672. The Loan closed in December 2005, and Plaintiffs did not sue until November 2011—nearly five years later, thus any claim for fraud or concealment is time-barred.

Further, Plaintiffs merely allege that Defendants concealed material facts from Plaintiffs to induce Plaintiffs to consummate the loan. . . ." (Comp., ¶ 37). Federal Rule of Civil Procedure Rule 9(b) specifies that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000) (fraud must be pleaded "with a high degree of meticulousness"). This "particularity" requirement means that a plaintiff must specifically plead (1) the contents of the misrepresentation, (2) the identity of the speaker and his or her authority to speak, (3) when and where the statements were made, (4) whether the statements were oral or written and, in the latter instance, the specific documents containing the representations, and (5) the manner in which the representations are allegedly false or misleading. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 549 (9th Cir. 1989).

Plaintiffs do not plead the elements of fraud with particularity. (*See generally*, Compl.) They do not allege the specific representations they believe were false, who made them, whether that person knew the representations were false, what Plaintiffs did or did not do in reliance, or how they were damaged as a

result. Absent those details, the cause of action cannot stand.

### G. Plaintiffs' Sixth "Cause of Action" for Quiet title Fails.

Quieting title is not itself an independent cause of action, but rather is "the *relief* granted once a court determines that title belongs to plaintiff." *Leeper v. Beltrami*, 53 Cal. 2d 195, 216 (1959) (emphasis added). "In other words, in such a case, the plaintiff must show he has a substantive right to relief before he can be granted any relief at all." *Id.* Here, Plaintiffs have not stated any valid cause of action in the Complaint, and cannot seek to quiet title.

Plaintiffs also cannot show an adverse claim to the Property. Defendants' only interest in the Property is a security interest. A security interest in a deed of trust is not an adverse claim to property. *See Vega v. JPMorgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1120-21 (E.D. Cal. 2009) (dismissing quiet title claim because "defendants have held a security interest in the DOT, not an adverse claim in the property"); *see also Lupertino v. Carbahal*, 35 Cal. App. 3d 742, 748 (1973) (a deed of trust "carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in payment of his debt").

Finally, a trustor cannot "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974); *accord Lee v. Aurora Loan Servs.,* 2010 WL 1999590, at *5 (N.D. Cal. May 18, 2010). Plaintiffs must repay the money they borrowed before they can seek to quiet title. Plaintiffs have not tendered, nor alleged they have tendered, repayment of their loan.

### H. Plaintiffs' Seventh "Cause of Action" for Declaratory and Injunctive relief Fails

"Federal courts do not have a duty to grant declaratory judgment; therefore, it is within a district court's discretion to dismiss an action for declaratory judgment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008) (affirming

motion to dismiss complaint for declaratory judgment without leave to amend).

Plaintiffs' claim for declaratory relief fails because they seek a remedy before they have established they can state a substantive claim for relief against Defendants. A "real and substantial controversy admitting of specific relief through a decree of a conclusive character" must exist in order to plead declaratory relief. *Alameda County Land Use Assn. v. City of Hayward*, 38 Cal.App.4th 1716, 1722 (1995). A controversy is deemed "ripe" when it has reached the point where the facts allow "an intelligent and useful decision to be made." *Cal. Water & Tel. Co. v. County of Los Angeles*, 253 Cal.App.2d 16, 22 (1967). A complaint must allege an actual controversy to sustain a claim for declaratory relief. *McClain v. Octagon Plaza, LLC*, 159 Cal.App.4th 784, 800 (2008).

A request for declaratory relief may be refused where the court's declaration "is not necessary or proper at the time under all the circumstances." Code Civ. Proc. § 1061. "Generally, an action in declaratory relief will not lie to determine an issue which can be determined in the underlying tort action." *Cal. Ins. Guar. Ass'n v. Super. Ct.*, 231 Cal.App.3d 1617, 1623 (1991). "The object of the [declaratory relief] statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *Gen. of Am. Ins. Co. v. Lilly*, 258 Cal.App.2d 465, 470 (1968). "The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief." *Cal. Ins. Guar.*, 231 Cal.App.3d at 1623. Where the very issues raised in a claim for declaratory relief will be resolved by other claims before the court, the claim for declaratory relief is unnecessary and serves no useful purpose. *C.J.L. Constr., Inc. v. Universal Plumbing*, 18 Cal.App.4th 376, 290 (1993) (finding the availability of another form of adequate relief justifies denial of declaratory relief).

Whether Plaintiffs can maintain their claim for declaratory relief depends on whether they have pled facts sufficient to demonstrate a ripe controversy between the parties. Plaintiffs fail to properly plead any of their alleged claims against

Defendants. None of the facts pled in Plaintiffs' complaint raises a "real and substantial controversy" between the parties. Plaintiffs' claim for declaratory relief should be dismissed.

"Injunctive relief is not a cause of action; it is a remedy." *Ayala v. Bank of Am.*, 2010 WL 1568577, at *4 (S.D. Cal. April 16, 2010); *see also Cuaresma v. Deustche Bank Nat'l Co.*, 2011 WL 4727805, at *8 (N.D. Cal. Oct. 7, 2011); *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1049 (N.D. Cal. 2009); *Tasaranta v. Homecomings Fin'l, Inc.*, 2009 WL 3055227, at *6 (S.D. Cal. Sept. 21, 2009); *Serrano v. Security Nat'l Mortg. Co.*, 2009 WL 2424528, at *6 (S.D. Cal. Aug. 14, 2009); *accord Marlin v. Aimco Venezia, LLC*, 154 Cal. App. 4th 154, 162 (2007). Courts have consistently dismissed "causes of action" for injunctive relief on this basis alone.

### I.   Plaintiffs' Eighth Cause of Action for Slander of Title Fails.

"Slander of title occurs when there is an unprivileged publication of a false statement which disparages title to property and causes pecuniary loss." *Stalberg v. Western Title Ins. Co.* (1994) 27 Cal.App.4th 925, 929 (citing cases). A plaintiff must allege publication, absence of justification, falsity, and direct pecuniary loss. *Seeley v. Seymour* (1987) 190 Cal.App.3d 844, 858.

Plaintiffs allege Defendants "published matters which were untrue and disparaging to Plaintiffs' right to title in the subject property" (Compl.,¶ 56) which thereby slandered the title to the property. Plaintiffs, however, offer no support for their claim that the Notice of Default was recorded unlawfully. Plaintiffs admittedly entered into the terms of the note and deeds of trust. They also do not claim they did not default on their payment obligations. No slander of title occurred.

### J.   Plaintiffs' Ninth Cause Of Action For Intentional Infliction Of Emotional Distress Fails.

"The elements of the tort of intentional infliction of emotional distress are:

(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Quinteros v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010) (quoting *Christensen v. Sup. Ct.*, 54 Cal. 3d 868, 903 (1991)).

Plaintiffs allege emotional distress caused by "extreme and outrageous conduct by Defendants." (Complaint, ¶ 63.) Plaintiffs allege no specific facts to support these allegations.

## V. CONCLUSION

Plaintiffs' claims are time-barred, insufficiently pleaded, or both. None of the causes of action they asserts have merit, and they should be dismissed. Amendment cannot bring the causes of action Plaintiffs assert within the applicable limitations periods or otherwise cure the deficiencies of the pleaded allegations. Defendants' motion to dismiss should be granted. Leave to amend should be denied.

Dated: January 3, 2012

Stuart W. Price
Sean D. Muntz
Roya N. Graziano
**BRYAN CAVE LLP**

By: /s/ Roya N. Graziano
Roya N. Graziano
Attorneys for Defendants
BANK OF AMERICA, N.A. and
RECONTRUST COMPANY, N.A.

**PROOF OF SERVICE**
CCP 1013a(3) Revised 5/1/88
TANG V. BANK OF AMERICA, N.A.

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: burta@bryancave.com.

On January 3, 2012, I served the following document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

Chan Y. Tang
Pao C. Tang
7572 Corona Valley Ave
Corona, CA 92880

***Pro Per Plaintiffs***
Phone:   (626) 636-0234
Fax:
E-mail:

[X] **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

[X] **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 3, 2012, at Irvine, California.

*Ashley J. Burt*
Ashley J. Burt

525930.1

PROOF OF SERVICE