Stuart W. Price, California Bar No. 125918
swprice@bryancave.com
Sean D. Muntz, California Bar No. 223549
sean.muntz@bryancave.com
Roya N. Graziano, California Bar No. 239259
grazianor@bryancave.com
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendants
BANK OF AMERICA, N.A. and RECONTRUST COMPANY, N.A. (erroneously sued as Recontrust Company)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CHAN Y. TANG and PAO C. TANG, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., a business entity, form unknown; RECONTRUST COMPANY, a business entity, form unknown; and DOES 1 THROUGH 63 INCLUSIVE, <br><br> Defendants. | Case No. 5:11-cv-02048-DOC (DTBx) <br><br> **ANSWER OF DEFENDANTS BANK OF AMERICA, N.A. and RECONTRUST CO., N.A. TO PLAINTIFFS' COMPLAINT** |

Defendants Bank of America, N.A. and ReconTrust Co., N.A. (collectively "Defendants") answer the Complaint of Plaintiffs Chan and Pao Tang ("Plaintiffs") and admit, deny, and allege as follows:

## PARTIES AND JURISDICTION

1. Defendants lack adequate information to admit or deny the allegations in paragraph 1 of the Complaint, and on that basis deny them.

2. Defendants admit that Bank of America, N.A., is a federally chartered bank, authoritzed to conduct and conducting business in the state of California. Defendants lack adequate information to admit or deny the remaining allegations contained in paragraph 2 of the Complaint, and on that basis deny them.

3. Defendants admit that ReconTrust Company is a national trust bank, authorized to conduct and conducting business in the state of California. Recontrust Company was named as Trustee on a Substitution of Trustee recorded in Riverside County on 9/9/10 related to the real property at issue in this action.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint call for legal conclusions and do not require a response from Defendants. To the extent that a response is required, Defendants lack adequate information to admit or deny the allegations contained in paragraph 5 of the Complaint, and on that basis deny them.

## JURY TRIAL DEMAND

6. Defendants admit Plaintiffs have requested a jury trial on all issues.

## CLAIM FOR RELIEF

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

**BACKGROUND FACTS**

8. Defendants admit only that the information contained in paragraph 8 of the Plaintiffs' complaint as to "Exhibit A" is true. Defendants deny any characterizations or mischaracterizations regarding "Exhibit A," which is a written document that speaks for itself. Further responding, Defendants lack adequate information to admit or deny the remainder of the allegations contained in paragraph 8 of the Complaint, and on that basis deny them.

9. Defendants admit only that the information contained in paragraph 9 of the Plaintiffs' complaint as to "Exhibit B" is true. Defendants deny any characterizations or mischaracterizations regarding "Exhibit B," which is a written document that speaks for itself. Further responding, Defendants state that the remaining allegations contained in paragraph 9 of the Complaint are unintelligible as written, and on that basis deny them.

10. Defendants admit only that the information contained in paragraph 10 of the Plaintiffs' complaint as to "Exhiibit C" is true. Defendants deny any characterizations or mischaracterizations regarding "Exhibit C," which is a written document that speaks for itself.

11. Defendants admit only that the information contained in paragraph 11 of the Plaintiffs' complaint as to "Exhibit D" is true. Defendants deny any characterizations or mischaracterizations regarding "Exhibit D," which is a written document that speaks for itself.

12. Defendants admit only that the information contained in paragraph 12 of the Plaintiffs' complaint as to "Exhibit E" is true. Defendants deny any characterizations or mischaracterizations regarding "Exhibit E," which is a written document that speaks for itself.

13. Defendants admit only that the information contained in paragraph 13 of the Plaintiffs' complaint as to "Exhibit F" is true. Defendants deny any

characterizations or mischaracterizations regarding "Exhibit F," which is a written document that speaks for itself.

14. Defendants admit only that the information contained in paragraph 14 of the Plaintiffs' complaint as to "Exhibit G" is true. Defendants deny any characterizations or mischaracterizations regarding "Exhibit G," which is a written document that speaks for itself.

## FIRST CAUSE OF ACTION

### WRONGFUL FORECLOSURE[1]

15. Defendants incorporate herein their responses to paragraphs 1-14.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

---

[1] Defendants refer to the March 19, 2012 Order of the Court wherein the Defendants' Motion to Dismiss was granted as to all causes of action except for the first cause of action for Wrongful Foreclosure claims stemming from allegations that Defendatnsdo not own their promissory ntote or that securtization of their mortgage affected Defendants' rights to foreclosure. Accordingly, Defendants only respond to Plaintiffs' First Cause of Action for Wrongful Foreclosure.

## **AFFIRMATIVE DEFENSES**

### FAILURE TO STATE A CAUSE OF ACTION

On information and belief, Defendants allege that the Complaint does not state facts sufficient to constitute a cause of action.

### COMPLIANCE WITH APPLICABLE LAWS

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because Defendants acted in compliance with all applicable laws, statutes, and regulations.

### NO INTENT

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, on the ground that Defendants' conduct towards Plaintiffs was effected in good faith, without malice, spite, or conscious, reckless, or negligent disregard of Plaintiffs' rights, if any, and without improper purpose or motive, maliciousness, or ill will of any kind.

### PRIVILEGE/JUSTIFICATION

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because Defendants' actions concerning the matters alleged in the Complaint, if any, were privileged and/or justified.

### NO DUTY

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because Defendants did not owe Plaintiffs a duty.

### NO BREACH

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because Defendants did not breach their duty to Plaintiffs.

### NO PROXIMATE CAUSE

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because none of the alleged acts or omissions of Defendants were the proximate cause of Plaintiffs' purported injuries and damages, if any.

### ACTS OF THIRD PARTIES

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because if Plaintiffs sustained injury or damage, the injury or damage was caused wholly or in part by the conduct, negligent acts or omissions, and/or fault of third parties or entities other than Defendants, which conduct, acts or omissions, or fault was the sole proximate cause or an intervening or superseding cause of any injury or damage to Plaintiffs. Plaintiffs' claims and damages sought, if any, against Defendants are barred completely or must be reduced in proportion to the fault attributable to other third parties or entities as are found culpable.

### EXPRESS/IMPLIED ASSUMPTION OF RISK

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because Plaintiffs assumed the risks and dangers, if any, associated with the alleged conditions, conduct or injuries. At all times relevant to the alleged conditions, conduct or injuries, Plaintiffs had or should have had notice and knowledge of the risks and dangers, if any, associated with such conditions, conduct and injuries because any such risk or danger was open, obvious and apparent to Plaintiffs, they appreciated the danger or risk, and he voluntarily assumed any such danger or risk.

### PLAINTIFFS' OWN ACTS OR OMISSIONS

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because any injury, damage or loss allegedly sustained by Plaintiffs were proximately and actually caused by and contributed to by the negligence and carelessness on the part of Plaintiffs in that Plaintiffs failed to exercise ordinary care on their own behalf at the times and in the places set forth in the Complaint. Accordingly, recovery by Plaintiffs should be barred or reduced to the extent of such responsibility.

### ADEQUATE LEGAL REMEDIES

On information and belief, Defendants allege that to the extent that Plaintiffs

1  seek equitable relief against Defendants, Plaintiffs have adequate legal remedies for
2  their alleged injuries, if any, resulting from the alleged conduct of Defendants.

## NO DAMAGES

4  On information and belief, Defendants allege that the Complaint is barred, in
5  whole or in part, because Plaintiffs have not suffered the injury or damages alleged,
6  or any other injury or damages.

## FAILURE TO MITIGATE DAMAGES

8  On information and belief, Defendants allege that the Complaint is barred, in
9  whole or in part, because Plaintiffs failed and refused to mitigate their alleged
10 damages and losses.

## NO BASIS FOR ATTORNEY FEES

12 On information and belief, Defendants allege that Plaintiffs are not entitled to
13 recover attorney fees because Plaintiffs have not set forth a sufficient factual or legal
14 basis for the recovery of attorney fees from Defendants.

## NO RIGHT TO PREJUDGMENT INTEREST

16 On information and belief, Defendants allege that Plaintiffs are not entitled to
17 recover prejudgment interest because their alleged damages are not certain or
18 capable of being made certain by any calculation.

## PENALTIES/PUNITIVE DAMAGES WOULD BE UNCONSTITUTIONAL

20 On information and belief, Defendants allege that Plaintiffs are not entitled to
21 recover any punitive damages and/or penalties as prayed for in the Complaint
22 because such an award would violate Defendants' rights under the Constitution of
23 the United States of America and the Constitution of the State of California,
24 including without limitation, Defendants' rights to (1) procedural due process under
25 the Constitution of the State of California and the Fourteenth Amendment of the
26 Constitution of the United States of America; (2) protection from excessive fines as
27 provided in the Eighth Amendment of the Constitution of the United States of
28 America, and Article I, Section 7 of the Constitution of the State of California; and

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  (3) substantive due process provided in the Constitution of the State of California
2  and the Fifth and Fourteenth Amendments of the Constitution of the United States
3  of America.

## STATUTE OF LIMITATIONS

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, the statute of limitations set forth in California Civil Procedure Code § 338.

## LACHES

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, by the doctrine of laches.

## WAIVER/ESTOPPEL

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## RATIFICATION/CONSENT

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, by the doctrines of ratification and/or consent because Plaintiffs consented to the terms of the transaction of which Plaintiffs now complain.  The Complaint is barred, in whole or in part, by the terms of Plaintiffs' agreement(s) with Defendants, including but not limited to the note, deed of trust, and other documents signed by and/or agreed to by Plaintiffs.

## UNCLEAN HANDS

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## UNJUST ENRICHMENT

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because any award in this action would constitute unjust enrichment.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**PRAYER**

Defendants pray for Judgment as follows:

1. That Plaintiffs take nothing by the allegations of the Complaint;
2. For reasonable attorney fees incurred in the defense of this action;
3. For costs; and
4. For such other and further relief as the Court deems just and proper.

Dated: April 2, 2012

**BRYAN CAVE LLP**
Stuart W. Price
Sean D. Muntz
Roya N. Graziano

By: */s/ Roya N. Graziano*
    Roya N. Graziano
Attorneys for Defendants
BANK OF AMERICA, N.A. and
RECONTRUST COMPANY, N.A.
(erroneously sued as Recontrust Company)