Stuart W. Price, California Bar No. 125918
   swprice@bryancave.com
Sean D. Muntz, California Bar No. 223549
   sean.muntz@bryancave.com
Roya Graziano, California Bar No. 239259
   grazianor@bryancave.com
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California  92612-4414
Telephone:  (949) 223-7000
Facsimile:   (949) 223-7100

Attorneys for Defendants
BANK OF AMERICA, N.A. and RECONTRUST
COMPANY, N.A. (erroneously sued as Recontrust Company)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chan Y. Tang and Pao C. Tang,<br><br>       Plaintiffs,<br><br>vs.<br><br>Bank of America, N.A. a business entity, form unknown; Recontrust Company., a business entity, form unknown; and Does 1 to 63, inclusive,<br><br>       Defendants. | Case No. 5:11-cv-02048-DOC-DTB<br><br>Hon. David O. Carter<br><br>**DEFENDANTS' RULE 26(f) REPORT**<br><br>Hearing Date:    April 23, 2012<br>Time:            8:30 a.m.<br>Courtroom:       9-D<br><br>Removed:         December 27, 2012<br>Complaint filed: November 11, 2012 |

IR01DOCS544733.1

DEFENDANTS' RULE 26(f) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, counsel for Defendants submits the following report. Defendants attempted to meet and confer with Plaintiffs on several occasions including February 28, 2012, March 8, 2012, March 20, 2012, March 30, 2012, and April 2, 2012. Plaintiffs were unavailable by phone or email and did not respond to letters. Defendants submit this unilateral Rule 26(f) Report.

**PROCEDURAL HISTORY**

This is a wrongful foreclosure case. On November 3, 2011, Plaintiffs Chan Y. Tang and Pao C. Tang filed an action in the Superior Court of California, County of Riverside, entitled *Chan Y. Tang and Pao C. Tang v. Bank of America, N.A., etc.; et al.,* case no. RIC1117829 ("state court action").

On December 27, 2011, Defendants removed the case to this court.

On March 19, 2012, Defendants' Motion to Dismiss was granted as to all causes of action except for the Plaintiffs' first cause of action for Wrongful Foreclosure.

**I.  INTRODUCTION**

Defendants Bank of America, N.A. and ReconTrust Company, N.A. through their undersigned counsel of record, hereby submit the Defendants' Rule 26(f) Report, as follows:

**A.  Statement of the Case**

In their Complaint, Plaintiffs asserted causes of action for: Wrongful Foreclosure, violations of the Cal. Civil Code Section 2923.5, Unjust Enrichment, RESPA and TILA violations, Fraud and Concealment, Quiet Title, Declaratory and Injunctive Relief, Slander to Title and Intentional Infliction of Emotional Distress. As noted above, the only surviving cause of action from Plaintiffs' complaint is the cause of action for Wrongful Foreclosure.

1. Plaintiffs' Statement:

Not available.

2.   Defendants' Statement:

On December 1, 2005, Plaintiffs borrowed $385,000.00 from Bank of America. The loan was secured by a deed of trust encumbering property in Corona, California. The deed of trust contains a power of sale authorizing foreclosure upon default. Plaintiffs now sue alleging wrongful foreclosure based on allegations that Defendants do not own their promissory note or that securitization of the loan affected Defendants' rights to foreclosure.

Defendants contend that the foreclosure sale was properly conducted, and that Plaintiffs' lawsuit is without merit.

**B.   Initial Disclosures Required by Fed. R. Civ. P. 26(a)(1)**

1.   Witnesses and Documents

Defendants will provide initial disclosures to Plaintiffs by May 7, 2012.

2.   Damages

**Plaintiff's Statement:** Not Available.

**Defendants' Statement**: Plaintiffs are not entitled to any relief, including damages from or against Defendants.

**C.   Proposed Discovery Plan**

1.   Changes to Initial Disclosures Required by Fed. R. Civ. P. 26(a)

Defendants do not propose any changes to the initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure.

**D.   Subjects On Which Discovery May Be Needed**

Defendants anticipate engaging the following discovery:

1.   Defendants anticipate they will propound written discovery, including but not limited to interrogatories, requests for production of documents, requests for admissions, and depositions of the Plaintiffs Chan Y. Tang and Pao C. Tang. Defendants anticipate conducting no more than two or three depositions.

**E.   Issues Regarding Electronically Stored Information**

Defendants do not anticipate any issues regarding electronically stored

information (ESI). To the extent relevant ESI exists, Defendants will comply with the ESI provisions of the Federal Rules of Civil Procedure.

### F. Issues Regarding Claims of Privilege or Protection as Trial Preparation Materials

As the parties have not yet completed their initial disclosures, no issues regarding claims of privilege or of protection as trial-preparation materials have been identified. Defendants agree to raise such issues in a timely fashion if and when they are identified.

### G. Changes to Limitations on Discovery/Proposed Cutoff Date

No formal changes are requested at this time to the limitations on discovery imposed by the Federal Rules of Civil Procedure. Defendants propose a discovery cutoff date of December 1, 2012.

Defendants propose that disclosure of expert witnesses shall be governed by the provisions of Fed. R. Civ. Proc. 26(2)(c). Defendants further propose an expert discovery cutoff date 21 days before trial.

## II. LOCAL RULE 26-1 SUBJECTS

### A. Complex Case

This is not a complex case.

### B. Completion of Discovery

Defendants propose a discovery cutoff date of December 1, 2012. Defendants further propose an expert discovery cutoff date of 21 days before trial.

### C. Motion Schedule

Defendants propose a cutoff date of February 1, 2013 for the filing of all dispositive motions.

Defendants anticipate that they will file a motion for summary judgment.

### D. Final Pretrial Conference and Trial Date

Defendants propose a final pretrial conference date in the first quarter of 2013. Defendants propose a trial date in the second quarter of 2013.

### E. Settlement

Defendants are open to meaningful settlement discussions. Defendants suggest a settlement conference or mediation before a Magistrate Judge from the Court's Civil Settlement Panel.

### F. Trial Estimate

Defendants estimate this matter will take three to four days for trial. Plaintiffs have requested a jury trial. Defendants request a bench trial, and anticipate filing a Motion to Strike Plaintifs' jury demand.

### G. Additional Parties

Defendants do not contemplate adding additional parties to the action at this time.

### H. Unusual Legal Issues

Defendants do not anticipate any unusual legal issues presented by the case.

### I. Proposals Regarding Severance, Bifurcation or Other

Defendants do not have any such proposals.

### J. Other Issues Affecting the Status of Case

Defendants are unaware of any other issues affecting the status of the case.

Dated: April 6, 2012

Stuart W. Price
Sean D. Muntz
Roya N. Graziano
**BRYAN CAVE LLP**

By: */s/Roya N. Graziano*
    Roya N. Graziano
Attorneys for Defendants
BANK OF AMERICA, N.A. and
RECONTRUST COMPANY, N.A.

**PROOF OF SERVICE**
CCP 1013a(3) Revised 5/1/88
*TANG V. BANK OF AMERICA, N.A.* [11-cv-02048]

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: kimm.kitchen@bryancave.com.

    On April 6, 2012, I served the following document(s) described as:

**DEFENDANTS' RULE 26(f) REPORT**

on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

Chan Y. Tang
Pao C. Tang
7572 Corona Valley Ave
Corona, CA 92880

***Pro Per Plaintiffs***
Phone: (626) 636-0234
Fax:
E-mail:

    [⊠] BY CM/ECF NOTICE OF ELECTRONIC FILING: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

    [⊠] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    [⊠] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on April 6, 2012, at Irvine, California.

Kimberly Kitchen Reyes

525930.1

PROOF OF SERVICE